## Adkisson *v.* State.

## Opinion delivered January 26, 1920.

1. HOMICIDE—EVIDENCE OF CONSPIRACY.—In a prosecution for murder it was admissible to prove that defendant was an evader of the draft; that he had conspired with members of his family to enable him and his brother-in-law to evade the draft, and to resist with force any attempt to locate and arrest them; and that deceased was a member of a sheriff's posse and was killed while attempting to arrest defendant.

2. CRIMINAL LAW—CONTINUANCE — ABSENT WITNESS.—Defendant's right to a continuance would not be defeated because the testimony of the witness was cumulative where the other witnesses were highly interested, and some of them were charged with participation in the crime.

3. SAME—CONTINUANCE—ABSENT WITNESS.—It was not error to refuse a continuance on account of the absence of a witness, if no showing was made that his attendance could be secured later.

4. HOMICIDE—EVIDENCE.—A witness who testified that defendant was one of the party which fired upon the posse at the time when deceased was killed was properly allowed to state that he had examined him for military duty as showing ability to recognize him.

5. CRIMINAL LAW—STATEMENTS OF PROSECUTING ATTORNEY—NECESSITY OF BILL OF EXCEPTIONS.—Objections to statements of the prosecuting attorney in argument are not reviewable where there is nothing in the bill of exceptions to show what they were.

6. CRIMINAL LAW—INSTRUCTIONS—GENERAL OBJECTION.—The court instructed the jury that if deceased was a member of the posse that was endeavoring to arrest defendant or two others mentioned and appellant knew that fact and shot deceased in a spirit of resistance or defiance of the posse he could not plead self-defense. *Held* that the objection that there was no evidence that the posse was endeavoring to arrest the other two should have been raised by specific objection.

7. CRIMINAL LAW — INSTRUCTIONS — SUBJECT ALREADY COVERED.— Where the court instructed the jury to try the case on the evidence introduced, and that the burden was on the State to prove by competent evidence beyond a reasonable doubt that defendant was guilty, it was not prejudicial error to refuse to instruct that the jury are bound by the law as given in the instructions, that they are the judges of the evidence and can not consider outside influence, prejudice, passion or rumors.

8. CRIMINAL LAW—INSTRUCTION—WEIGHT OF EVIDENCE.—An instruction that if defendant became a fugitive from justice after the alleged crime this may be considered as tending to show guilt, but if he was afraid of a mob then this fact of being a fugitive is explained, and if he volunteered to officers this is a circumstance in his favor, *held* properly refused as on weight of evidence.

9. JURY—OPINION BASED ON RUMOR.—Jurors were not incompetent in a murder case because they had formed an opinion as to defendant's guilt if their opinions were based on rumor and they entertained no bias or prejudice against him.

Appeal from Cleburne Circuit Court; *J. M. Shinn,* Judge; affirmed.

*Bratton & Bratton,* for appellant.

1. It was error to refuse the continuance. The court abused its discretion in so doing. 60 Ark. 567; 99 *Id.* 400; 71 *Id.* 180; 100 *Id.* 311; 110 *Id.* 251.

2. It was not proper for the court to usurp the province of the jury in passing on the credibility of the witnesses. 99 Ark. 394; 110 *Id.* 256.

3. Immaterial and prejudicial evidence was admitted and instruction No. 23 was error. 93 Ark. 410; Wharton on Cr. Law, § § 622-5, 633.

4. It was error to refuse the challenges to jurors for cause and thus force defendant to exhaust his peremptory challenges. 102 Ark. 180 and cases cited.

5. The prosecuting attorney's remarks were clearly prejudicial. 30 A. & E. Enc. of Law, 1085-6, note 1; 5 Jones on Ev., § 838; 114 Ark. 243.

6. The instructions refused should have been given and No. 23 modified as requested.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. There is no merit in the claim that objectionable testimony was admitted and excluded. No prejudice or error is shown.

2. Instruction No. 23 was properly given and there was no error in refusing No. 1 for defendant, nor No. 6.

3. The ruling of the court as to the qualification of the jurors was evidently correct. *Mallory* v. *State,* 141 Ark. 496.

4. The continuance was properly refused. 82 Ark. 203; 90 *Id.* 586; 91 *Id.* 497; 108 *Id.* 594; 100 *Id.* 180; 62 *Id.* 543; 125 *Id.* 269. The testimony of Rice was cumulative merely. 79 *Id.* 594; 86 *Id.* 317; 100 *Id.* 149; 120 *Id.* 562; 121 *Id.* 17; 125 *Id.* 269. There was no abuse of discretion by the court.

5. The remarks of the prosecuting attorney were not prejudicial nor erroneous.

SMITH, J. Appellant has assigned and discussed a number of errors, said to be prejudicial, occurring at the trial from which this appeal is prosecuted, and which resulted in a sentence of eighteen years in the penitentiary, upon a conviction for murder in the second degree.

The first of these assignments is that the trial occurred in an atmosphere of prejudice occasioned by the admission of testimony tending to show that appellant and members of his family who were indicted with him were disoyal, and that appellant was himself an evader of the draft. The testimony complained of was elicited, however, by witnesses who detailed the circumstances of the killing, it being shown that Porter Hazelwood, for whose murder appellant was convicted, was a member of a sheriff's posse, which was attempting at the time to arrest appellant, pursuant to direction of the military authorities, as an evader of the draft. The theory of the prosecution was that appellant and the members of his family, together with Leo Martin, his brother-in-law, had conspired together for the purpose of enabling appellant and Martin to evade the draft—that appellant and Martin had received orders to report for military duty and had failed and refused so to do, and were in hiding at the time, and that a part of the conspiracy was to resist with force, if necessary, any attempt to locate and arrest them. As tending to show this conspiracy, testimony was admitted to the effect that large quantities of provisions and ammunition were concealed near the home

of appellant's father, this being the congregating point
of the members of the alleged conspiracy. This testi-
mony was competent, therefore, not only to show the
conspiracy, but as tending to explain the circumstances
under which the shooting commenced which resulted in
Hazelwood's death.

Another assignment is the refusal of the court to
continue the cause on account of the absence of Bill Rice,
who was a member of the posse which attempted to arrest
appellant at the time Hazelwood was killed and who was
himself then wounded. In the motion for continuance
it was alleged that Rice, if present, would testify that as
the posse approached the house of appellant's father,
where appellant was supposed to be concealed, Hardy
Adkisson, appellant's brother, for whom the posse had
no process, came near the posse, but, upon discovering
them, and without knowing their mission, and without
indication of violence, turned and started back to the
house, whereupon the sheriff in charge of the posse gave
a command to shoot, or stop, Hardy Adkisson, and just as
a member of the posse was about to execute this order by
shooting Hardy Adkisson, Tom Adkisson, the father of
Hardy, appeared on the front porch of his home and hal-
looed something to the officer, who apparently was about
to shoot his son, and, as the officer appeared not to have
heeded—if, indeed, he had heard—this cry, Tom Adkis-
son entered his home and hastily reappeared with a gun
and opened fire on the posse, and that no one else in or
about the house fired upon the posse, and that appellant
was not seen around the premises at any time. Mem-
bers of appellant's family who were present during the
shooting, including Mrs. Leo Martin, appellant's sister,
detailed the circumstances of the shooting as stated in
this motion for a continuance. But they were all highly
interested witnesses, and the male members of the family
were charged with the commission of the murder and it
can not, therefore, be said that appellant was not entitled
to the continuance because the testimony was cumulative
of other testimony offered at the trial. *Hall* v. *State,* 64

Ark. 121. But no showing was made that the attendance of this witness could later be secured. At appellant's request a subpoena had been issued by the clerk of the Cleburne Circuit Court, where the cause was pending for trial, directed to the sheriff of Pulaski County, but the subpoena had been returned *non est,* and no showing was made as to where the witness had gone, or as to the time when he would likely return, and it was not error, therefore, to refuse the continuance.

Objection was made to the testimony of a Doctor Turner in regard to having examined appellant for military service. But this testimony was brought out during the examination of the witness, who was a member of the posse and had testified that appellant was one of the parties on the porch, who fired upon the posse, and as the identity, as well as the presence, of appellant at the shooting was one of the questions in dispute, it was proper for the witness to state his opportunity to know appellant when he saw him.

Other assignments of error relating to the admission of testimony to the effect that appellant was a draft resister are discussed; but we think they may all be disposed of by the general statement that the testimony objected to tended to show the motive for the killing as well as the circumstances under which it occurred.

Objection is made to certain statements of the prosecuting attorney in the course of his argument before the jury; but there appears to be nothing in the bill of exceptions showing what these statements were, the only reference thereto being found in the motion for a new trial. These objections are not, therefore, properly before us for review. *Cravens* v. *State,* 95 Ark. 321.

An instruction numbered 23 was given, in which the jury was told that if Hazelwood was a member of the posse that was endeavoring to arrest and capture appellant, or Tom Adkisson, or Hardy Adkisson, and appellant knew that fact, and shot Hazelwood in a spirit of resistance or defiance of the posse, he could not plead self-defense as an excuse for the killing. Objection is

made to this instruction upon the ground that there was no testimony that the posse was endeavoring to arrest Tom Adkisson or Hardy Adkisson. And this appears to be the fact. But only a general objection was made, and we think the point now presented should have been raised in the court below by a specific objection to the instruction.

Appellant requested, and the court refused to give, an instruction reading as follows:

"The court gives you all the law, and by that law so given in these written instructions you are bound.

"But, on the weight of testimony, the court can not aid you. You and you only must judge the evidence, but you can not consider anything as evidence not submitted to you by the court. In arriving at your verdict you have no right to consider outside influence, prejudice or passion or rumors, for or against the defendant."

This is, of course, a correct declaration of the law, and might very well have been given; but at the request of the State, and of appellant, the court gave a very large number of instructions, and in these the jury was told to try the case upon the evidence introduced, and that the burden was on the State to prove, by competent testimony, beyond a reasonable doubt, that appellant was guilty, and we conclude, therefore, that no prejudicial error was committed in refusing the instruction.

The court also refused to give appellant's instruction numbered 6, as follows:

"If you find that the defendant became a fugitive from justice after this alleged crime, then you may consider this as a circumstance tending to show guilt unless explained by the defendant. If you should find that he was afraid of a mob, then this fact of being a fugitive is explained. If you should further find that the defendant volunteered to officers of the law, this becomes a circumstance in the defendant's favor."

This instruction was properly refused, as being a charge upon the weight of evidence.

Assignments 69 to 89 relate to rulings of the court on the competency of various veniremen. Isolated answers of several of these veniremen would indicate that such fixed opinions of appellant's guilt were entertained that they were incompetent to serve as jurors; but we think that fact does not appear in any instance where the entire examination is considered as a whole. We have read the testimony as it appears in the transcript, and it is apparent that the killing had attracted wide interest and attention, and that practically all the veniremen had heard about it, and had talked about it, and had formed some kind of opinion. None of the veniremen held competent had talked with the witnesses, and the opinion in each instance appears to have been based upon rumor. These veniremen did not know appellant, and entertained no bias or prejudice against him, and we think it was not shown that appellant was compelled to exhaust a challenge upon any veniremen who could not try the case, according to the law and the evidence.

No prejudicial error appearing, the judgment of the court below is affirmed.