JACKSON *v.* STATE.

4332                                          176 S. W. 2d 909

Opinion delivered January 17, 1944.

*Kenneth C. Coffelt,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ROBINS, J.    Appellant, Ike Jackson, was tried on information charging him with murder in the first degree, found guilty of murder in the second degree and his punishment fixed by the jury at imprisonment in the penitentiary for seven years. To reverse the judgment of the lower court imposing sentence in accordance with the jury's verdict appellant prosecutes this appeal.

These grounds for reversal are urged by appellant in this court: (1) That the lower court erred in refusing appellant's requested instruction No. 9; (2) that there was not sufficient proof to establish that the gunshot wound inflicted on Joe Russell by appellant was the cause of Russell's death; (3) that the lower court erred in refusing to allow the sheriff to testify as to his efforts to serve a subpoena on certain witnesses desired by appellant; and (4) that the lower court erred in refusing to grant appellant's motion for continuance.

## I.

Instruction No. 9 requested by appellant was as follows: "You are instructed that before you can convict the defendant on any charge of murder, you must believe beyond a reasonable doubt that the deceased died because of being shot and not for any other cause or reason."

The court, in the instructions given, stated that it was necessary for the state, in order to obtain a conviction, to prove beyond a reasonable doubt that appellant killed the deceased, and it was unnecessary for the court to repeat what was in effect the same direction in a separate instruction. We find no error in the refusal of the lower court to give this instruction.

## II.

It is argued by appellant that there was not sufficient evidence to establish that Russell died as a result of being shot by appellant. Briefly summarized, the

testimony showed that appellant, on Monday night, fired two shots from a shotgun at Russell, and at least one of the loads took effect in Russell's legs and privates; that Russell fell to the ground when shot and was taken to the hospital where he died on Thursday night. While there was no medical testimony to the effect that Russell's death resulted from anything other than these gunshot wounds, there is no intimation in the testimony that he died from any other cause than being shot by appellant. That the case was tried in the lower court on the assumption by both sides that Russell died from the effect of a gunshot wound inflicted by appellant is reflected in the record by several questions asked by counsel for appellant in the lower court, in which the shooting was referred to as "the killing."

In the case of *Outler* v. *State,* 154 Ark. 598, 243 S. W. 851, it appeared that Outler was convicted of the crime of murder in the first degree committed by striking Will Blackburn with a gun. There was no testimony as to the cause of Blackburn's death other than that Outler struck Blackburn with a gun at a Christmas tree celebration one night, and that Blackburn, after being struck, left the house, went home and died the next day. No medical testimony of any kind as to the cause of Blackburn's death was offered, and it was urged in that case that there was not sufficient proof of the cause of Blackburn's death. In answering this contention Chief Justice McCulloch, speaking for the court, said: "It is earnestly contended that the evidence is insufficient to warrant the conviction, for the reason that it was not proved that death resulted from the blow delivered by appellant. There is nothing, however, in the record to show that there was any other cause for the death which resulted so soon after the infliction of the blow, and the jury were authorized, we think, in drawing the inference, even in the absence of direct proof on the subject, that death resulted from the blow."

What was said in the *Outler* case is controlling here. The jury had a right to infer from the nature and location of the wounds inflicted by appellant on Russell and

the fact that he died in a hospital shortly afterwards and that no other cause of his death was suggested that these wounds caused his death.

## III.

Appellant offered to prove by the sheriff that a subpoena for certain witnesses for appellant had been issued on appellant's request and placed in the sheriff's hands for service, and that he had been unable to serve same because the whereabouts of said witnesses was unknown. The only issue being tried before the jury was whether or not appellant had feloniously killed Russell. The testimony of the sheriff as to efforts by him to serve the subpoena on witnesses desired by appellant certainly could throw no light on that issue. Such testimony could have been properly heard by the court only on a motion for continuance, and the court did not err in refusing to permit this testimony to be given on the trial before the jury.

## IV.

It is finally urged by appellant that the lower court erred in denying his motion for a continuance. The motion for continuance filed by appellant set up that three witnesses for appellant, for whom subpoena had been issued, Bill Finley, William Henry Jones and Walter Prather, failed to appear when called to testify. In the motion for continuance it was stated that the whereabouts of all of these witnesses was unknown to appellant. The motion for continuance, therefore, did not show that any of these witnesses were within the jurisdiction of the court, or that there was any probability of obtaining the attendance of these witnesses at a later date.

It has been frequently held by this court that where it does not appear probable that the attendance of absent witnesses can be secured at the next term, the trial court may, in the exercise of its discretion, refuse a continuance on account of the absence of such witnesses. *Striplin* v. *State,* 100 Ark. 132, 139 S. W. 1128; *Adkisson* v. *State,*

142 Ark. 15, 218 S. W. 165; *Hays* v. *State,* 156 Ark. 179, 245 S. W. 309; *Edwards* v. *State,* 173 Ark. 1180, 294 S. W. 386. We cannot say that the lower court abused its discretion in denying the motion for continuance.

We have carefully examined the record in this case and find no error prejudicial to the rights of appellant. The verdict of the jury was abundantly supported by the testimony. The judgment of the lower court is affirmed.