WILLIAM HENRY COURTNEY v. STATE.

No. A-10196.   Nov. 15, 1944.

(153 P. 2d 243.)

For former opinion, see 148 P. 2d 485.

E. Moore, of Coalgate, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   After the former opinion was rendered in this case, 148 P. 2d 485, 487, petition for re-

hearing was filed in which our attention was directed to page 55 of the case-made, which purports to be a copy of the appearance docket in which there is contained a recital as follows: "10-6-41. Demurrer overruled, exceptions allowed. Ready for trial."

The former opinion of this court was based upon the fact that the demurrer which had been filed by defendant had never been called to the attention of the trial court, and, for that reason, since it had not been passed upon so as to give the trial court an opportunity to direct the correction of the defective information, this court treated the question as having been waived by the defendant. The Attorney General in his brief raised the contention that the demurrer had not been presented to the trial court for determination, and, for that reason, the alleged defects in the information were waived by defendant. No reply was filed to this answer brief, and it was not until the petition for rehearing was filed that our attention was directed to the recital in the appearance docket above shown. The recitals in the transcript of the stenographic notes set forth in the former opinion led the Attorney General to believe that the demurrer had never been presented to the trial court, and this court when examining the record came to the same conclusion as the Attorney General that the demurrer had been filed but never presented. The copy of the appearance docket is one of the last pages in the case-made. There is no order in the record showing the disposition of the demurrer, but since it is now apparent as disclosed by the appearance docket that the demurrer was in fact presented to the trial court and overruled, we feel that the contention of the defendant should be sustained.

In our former opinion we stated:

"The allegation that defendant drove in a reckless manner, of course, was a conclusion of the pleader. Under the statute the defendant might have been guilty of any one of several different things while driving an automobile which would have constituted reckless driving. The particular acts which it is alleged the defendant committed should have been set forth, and no doubt if the demurrer had been called to the attention of the court, he would have directed the county attorney to have amended the information to have shown at what particular acts of the defendant the complaint was directed. However, the information is not so fundamentally defective that it will not support the judgment and sentence."

A demurrer is the proper pleading to challenge the insufficiency of an information where it is contended that the facts alleged do not constitute a public offense. 22 O. S. 1941 § 504.

In Abrams v. State, 13 Okla. Cr. 11, 13, 161 P. 331, 332, it is stated:

"Since every person is presumed to be innocent until proved guilty, it logically follows that he must be presumed also to be ignorant of what is intended to be proved against him, except as he is informed by the indictment or information."

The facts constituting the offense must be alleged in positive terms and not by way of mere legal conclusions. It is sufficient, however, if the facts inform the accused of the offense with such particularity as to enable him to prepare for trial.

The facts herein show that defendant was proceeding down the highway about 40 or 45 miles per hour; that a truck with bright headlights was approaching the car of defendant; that defendant dimmed his lights to try to get the driver of the truck to dim the truck's head-

lights, but that the driver of the truck did not dim his lights; that the defendant slowed down some when he was blinded by the headlights of the approaching truck, but that, just as the on-coming truck passed, defendant crashed into the back of another truck going in the same direction as defendant, but which had not been seen by defendant because of the glaring headlights of the other truck.

This charge is predicated upon 47 O. S. 1941 § 92:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

Defendant contended that the truck into which he crashed did not have any tail-light or reflector on the rear and that under these circumstances, he was not guilty under the statute. Ordinarily, these questions raise an issue of fact for determination of the jury.

However, because of the error of the trial court in overruling the demurrer to the information and in view of the closeness of the case, the cause is reversed and remanded, with instructions to sustain the demurrer and for such further proceedings as the trial court deems proper.

BAREFOOT, J., concurs. DOYLE, J., not participating.