GLOVER *v.* STATE.

4454          204 S. W. 2d 373

Opinion delivered September 22, 1947.

*Bruce Ivy,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

ROBINS, J. Appellant, charged by information with having committed murder in the first degree by striking and beating E. A. Sides with a bottle, was by a trial jury found guilty of voluntary manslaughter and his punishment fixed at imprisonment in the penitentiary for seven years. From a judgment imposing sentence in accordance with the verdict he has appealed.

For reversal it is first urged by appellant that the evidence was insufficient to establish that Sides died as a result of a blow inflicted by appellant.

The evidence tended to show that a group of negroes were gambling with dice on a sandbar or island in the Mississippi River when Sides and two other white men came up. Sides took part in the game and became angered at the manner in which some of the participants were handling the dice. Sides threatened violence, and appellant, who was standing by Sides at the time, but not playing, said "white folks, you won't hit me." Sides then pushed appellant, who pushed Sides, and Sides then slapped appellant. Appellant, who was left-handed, thereupon drew a "soda-water" bottle from his rear pocket and struck Sides on the right temple with the bottle. The blow staggered Sides, but he did not fall. He remained around the locality of the dice game for some time. He finally got someone to row him across the river and he was found unconscious on the river bank by searchers early the following morning. He died shortly thereafter.

The undertaker who handled Sides' body testified that there was a post-mortem examination which revealed a fracture and indentation of the skull on the side of Sides' head.

The difficulty occurred on June 19, 1938, but appellant was not found by the officers until shortly before the

trial which occurred on February 18, 1947. He was arrested in Chicago, where he had gone soon after the difficulty. He had assumed the name of "Will Jones," and denied his identity when first arrested.

In the case of *Outler* v. *State,* 154 Ark. 598, 243 S. W. 851, the evidence showed that on the night of December 24, 1921, Outler struck Blackburn on the head with a gun and that Blackburn walked·out of the house where the difficulty occurred, went home and died early the following morning. There was no medical testimony to show the cause of Blackburn's death. This court, holding that the testimony was sufficient to justify the jury's finding that the blow inflicted by Outler caused Blackburn's death, sustained a conviction of murder in the first degree. Chief Justice McCulloch, in that case, said:

"There is nothing, however, in the record to show that there was any other cause for the death which resulted so soon after the infliction of the blow, and the jury were authorized, we think, in drawing the inference, even in the absence of direct proof on the subject, that death resulted from the blow." We cited and followed this holding in the Outler case in the recent case of *Jackson* v. *State,* 206 Ark. 611, 176 S. W. 2d 909.

In the case at bar it was shown that Sides, a strong, healthy man, received a blow, inflicted with a bottle, on his right temple. The blow staggered him. In less than twenty-four hours from the time he was struck he was found in an unconscious condition with a fracture and indentation in his skull. He died shortly thereafter. No other cause of his death was suggested, and appellant admitted that he was going under an assumed name because he had been told that he had killed a white man. Under all these circumstances the jury had a right to infer that the blow inflicted by appellant caused the death of Sides.

It is next urged by appellant that error prejudicial to him was committed by the court in not granting a mistrial because of questions by the prosecuting attorney as

to appellant's flight, as to his assumption of an alias in Chicago and as to the employment of his counsel by a civic organization. The objection of appellant to the question as to employment of appellant's attorney was sustained by the court, and other questions were made harmless by the answers. We do not find any such abuse of discretion by the lower court in denying a mistrial as would call for a reversal by us.

It is finally argued by appellant that the lower court erred in telling the jury that appellant would be eligible to apply for parole after he had served one-third of his sentence. This statement was made by the court in answer to an inquiry from the jury while they were deliberating. The court correctly answered the jury's query and committed no error in doing so. *Jones* v. *State*, 161 Ark. 242, 255 S. W. 876.

The judgment of the lower court is affirmed.