Appellant was tried upon an information charging him with having shot and killed one Calvin Broadnax. He was found guilty of the crime of voluntary manslaughter, and given a sentence of two years in the penitentiary, and has appealed.
Appellant says in his brief that: "This appeal involves only one question and that is whether the State proved the corpus delicti. In other words it is the contention of the appellant that there is no proof in the record to establish the fact that the deceased died as a result of the shot fired by him."
Appellant and deceased were next door neighbors. Their wives had a quarrel which eventuated in appellant shooting deceased. The shooting occurred on the might of February 14, 1947. Broadnax was carried to the City Hospital, where he remained for about four months, when he was taken home, where he died June 6th following. While in the hospital Broadnax was attended *Page 113 
by Dr. George R. Storm, who testified that he was a regular practicing physician; that Broadnax had a gun shot wound in his left shoulder; that the bullet lodged in Broadnax' spinal column; that it went in across his chest, and was buried between the third and fourth dorsal vertebra. He thought the wound was fatal when he first examined Broadnax, as Broadnax had no pulse and very little heart beat; that paralysis set in the next morning and that the wound was sufficient to cause death; that the last time he saw Broadnax was the day he left the hospital, and there had been no improvement in his condition. Asked on his cross-examination, "You are not able to testify as to the cause of death?", the doctor answered, "Except as a rule with a gun shot wound like that some paralysis will set up and it is fatal."
There was no other testimony attempting to establish the cause of death, but the testimony recited is sufficient to show that the gun shot wound was the cause of death. No other cause is suggested and the testimony of the doctor is that such a wound as Broadnax received not only was sufficient to cause death, but usually had that result.
When a cause sufficient to produce death is shown, and no other cause is shown, the jury is warranted in finding that the death resulted from the cause shown. In the very recent case of Glover v. State, 211 Ark. 1002,204 S.W.2d 373, we quoted from the case of Outler v. State, 154 Ark. 598, 243 S.W. 851 as follows: "Chief Justice McCULLOUCH, in that (Outler) case, said: `There is nothing, however, in the record to show that there was any other cause for the death which resulted so soon after the infliction of the blow, and the jury were authorized, we think, in drawing the inference, even in the absence of direct proof on the subject, that death resulted from the blow'. We cited and followed this holding in the Outler case in the recent case of Jackson v. State,206 Ark. 611, 176 S.W.2d 909." To the same effect see, also, Pride v. State, 208 Ark. 803, 197 S.W.2d 906.
As the testimony supports the finding that Broadnax died as a result of the gun shot wound, the judgment must be affirmed and it is so ordered. *Page 114