# DEBERRY v. STATE.

No. A-11161.   May 31, 1950.

(219 P. 2d 253.)

Paul W. Updegraff and T. R. Benedum, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant was charged by information filed in the district court of Cleveland county with a crime of murder. The first trial ended in a hung jury and a mistrial was declared. At the second trial the defendant was' found guilty of manslaughter in the second degree and pursuant to the verdict of the jury was sentenced to serve one year in the county jail and pay a fine of $500.

Counsel for defendant have presented two propositions in their brief. First, the demurrer to the information should have been sustained. Second, the evidence is insufficient to warrant the conviction.

No review of the evidence is set forth in defendant's brief. No argument is presented in support of the two assignments of error and no legal authorities are cited.

The proof of the state showed that the defendant visited different beer taverns on the afternoon of April 2, 1947, and drank beer. (Defendant himself testified that he drank one-half bottle of beer at one place, a bottle of beer at another place, and then drank a highball just before he started the drive which resulted in the death of John Marion Cram.)

The evidence showed that defendant had a friend, Warren Pope, who was staying at the Norman Courts, which was located near the highway in the north part of the city of Norman. After drinking highballs at the room of Pope, the two men started north on Highway 77 in an Oldsmobile two-door sedan automobile at a high rate of speed. About one and one-half miles north of Norman on Highway 77 there is a long hill which slopes from the north to the south. A young man and his girl friend, who was accompanying him, were going north in a Ford automobile and were about two-thirds of the way up the hill when the car driven by defendant approached them from the rear going about 70 miles per hour. According to the state's evidence, defendant whirled his automobile around the car driven by Thornton just as an automobile driven by the deceased came over the crest of the hill going south. The deceased pulled his automobile over to the shoulder of the road, but the car driven by defendant struck his car with such force that both cars were practically demolished. Cram received serious injuries from which he died a short time later. There was an abundance of evidence that the defendant was culpably negligent in the operation of his automobile and that it was his negligence in passing the Thornton car going up the incline that was the cause of the fatal collision.

We have read the information and it sufficiently charges the offense of murder. Counsel did not point out in any particular where the information is defective. An examination of the record discloses that at the time the defendant was arraigned before the district court on May 8, 1947, he waived reading of the information and entered a plea of not guilty. Later, on November 25, 1947, a demurrer to the information was filed. The record does not disclose that the demurrer was ever called to the attention of the trial court as no disposition of it is shown in the record. Under those circumstances any defects in the information would be considered waived unless the information was so fatally defective that it wholly failed to state any crime within the jurisdiction of the district court. 22 O.S. 1941 § 512. No substantial error appearing in the record, the judgment and sentence of the district court of Cleveland county is affirmed.

BRETT and POWELL, JJ., concur.