**Merle PLACE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12298.**

Criminal Court of Appeals of Oklahoma.

Aug. 1, 1956.

Raymond A. Trapp, Blackwell, Joe L. Hayward, Ponca City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, J. Walker Field, Asst. Attys. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Merle Place, hereinafter referred to as defendant, was charged by information filed in the district court of Kay county with the crime of attempted burglary in the second degree, was tried before a jury and found guilty, with punishment left to be fixed by the court, the jury being unable to agree. The defendant was by the court sentenced to serve a term of two years in the State Penitentiary.

For reversal, counsel advances three specifications of error.

It is first argued that the information was insufficient to charge the crime of attempted burglary in the second degree.

We are not satisfied with and do not approve the manner in which it is contended this proposition was raised in the trial court. We note that at his arraignment there was filed on behalf of the defendant a motion to quash the information; and as stated by the Attorney General, this was based principally upon the alleged insufficiency of the evidence at the preliminary hearing, and upon an alleged loss of jurisdiction of the person of defendant by his being taken to another county to face another charge after being arrested in Kay County on the charge here considered. But the motion did include the formal allegation that the information "does not state a crime under the laws of the State of Oklahoma."

Now, concerning the information, the record is silent as to whether or not the alleged defects were presented to the trial court and the court afforded opportunity of examination of the information in relation to such alleged defects, or whether only some of the other matters were urged. This court has under varied situations refused to reverse cases where error appeared, but the trial court was not afforded the opportunity to make correction; that is, where it was not apparent that the issue was not clearly and frankly presented.

The proper manner to attack the sufficiency of an information is by demurrer. See 22 O.S.1951 § 504 (4); Sandy v. State, 94 Okl.Cr. 80, 231 P.2d 374; Deberry v. State, 91 Okl.Cr. 399, 219 P.2d 253.

It is true in the within case the defendant's trial counsel Bruce B. Potter did challenge the sufficiency of the information by an objection to the introduction of evidence by the State, but if the "motion to quash information" was not sufficient, as urged by the State, the challenge, by objecting to the introduction of evidence came too late, and every intendment and presumption must be indulged to sustain the information. Douglas v. State, 93 Okl.Cr. 132, 225 P.2d 376.

Although unorthodox and subject to the criticism mentioned, was the motion to quash the information under the circumstances set out, sufficient to raise the question as to the sufficiency thereof?

It is the general rule in civil cases that a pleading in a cause is governed by the contents, rather than by the title. Leonard v. Tulsa Building & Loan Ass'n, 184 Okl. 558, 88 P.2d 875; White v. Mitchell, 206 Okl. 151, 241 P.2d 407. Such being so in the case of property rights, how much more so should this be the rule where human rights are involved. In the case of Bleakley v. Barclay, 75 Kan. 462, 89 P. 906, 10 L.R.A.,N.S., 230, 241, it was held in a habeas corpus proceeding that a motion to quash the writ amounted to the same thing as a demurrer to the petition. Under the facts recounted then, we hold in spite of our criticism mentioned, that the motion to quash the information by reason of the wording in its body, amounted to the same thing as a demurrer.

The information, omitting formal parts, is as follows:

"I, the undersigned county attorney of said county * * *, give information that on or about the 20th day of December, A. D. 1955, in said county of Kay and State of Oklahoma, one Merle Place, * * * did then and there unlawfully and feloniously attempt to commit the crime of second degree burglary:

"That is to say, the said defendants, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully, wrongfully and feloniously attempt to break and enter into a one story brick building located at 200 North 1st Street, Ponca City, Kay County, Oklahoma, which said building was then and there under the control of and in the possession of Morris Adams, and in which said building there was then and there kept certain personal property, to-wit: Groceries, Cigarettes, monies and other items usually kept in a food market, by attempted forcible entry through a north window of said building

[by the cutting away and removal of the screen from said window and attempting to cut out glass window panes of said window]

with the unlawful, wrongful and felonious intent then and there on the part of the said defendants to take, steal and carry away by stealth and fraud, and without the knowledge or consent of the said Morris Adams, part or all of the merchandise therein contained, the personal property of Morris Adams,

[and the said Merle Place would have completed his entrance into said building if he had not been frightened away or caused to desist by reason of the said Morris Adams entering and turning on the lights in said building; all of which acts were then and there done by him, the said Merle Place]

with the unlawful, wrongful and felonious intent to appropriate the said property to his own use and benefit, and to deprive the said rightful owner permanently thereof, contrary to the form and statutes in such cases made and provided, and against the peace and dignity of the State."

The statutory provisions concerning burglary are sections 1431, 1435 and 1436 of Title 21 O.S.1951. Ordinarily, charging the crime in the words of the statute is sufficient unless it is apparent that elements exist outside of the statute. But the problem here is that the applicable section of the statute, § 1435, under which the information was prepared, does not of itself define the crime of attempt. Another statute must be referred to for that, 21 O.S. 1951 § 42. Section 1435, 21 O.S.1951, reads:

"Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection in which

any property is kept, with intent to steal therein or to commit any felony, is guilty of burglary in the second degree."

21 O.S.1951 § 42 relates to attempts to commit crimes and provides for punishment.

The information, as contended by the State, and as has been seen, very closely follows the outline of the offense of burglary in the second degree as set out in the statute. But is it sufficient?

■ As this court pointed out in the case of Dunbar v. State, 75 Okl.Cr. 275, 131 P.2d 116, 117 (and see Taylor v. State, 96 Okl.Cr. 188, 251 P.2d 523), there are three essential elements requisite to constitute an attempt to commit a crime, and being: intent, the performance of some act towards its commission, and failure of consummation.

In Dunbar v. State, supra, it was stated:

"Overt act is sufficient to complete offense of attempt to commit crime, if it goes far enough towards accomplishment of offense to amount to commencement of its consummation.

" 'Attempt to commit crime,' as distinguished from mere preparation, consists of a direct movement toward consummation of intended crime after preparations have been made."

In the within case, then, attempted burglary would be the doing of some act with intent to forcibly enter a building with object of stealing and failure in gaining entrance.

■ In considering the sufficiency of the only allegation in the information that would meet this requirement, to wit: "By attempted forcible entry through a north window of said building" we must not overlook the rule of law set out in Abrams v. State, 13 Okl.Cr. 11, 161 P. 331, 332 (and see Courtney v. State, 79 Okl.Cr. 206, 153 P.2d 243), to the effect that:

"Since every person is presumed to be innocent until proved guilty, it logically follows that he must be presumed also to be ignorant of what is intended to be proved against him, except as he is informed by the indictment or information."

In the Abrams case this court quoted with approval from People v. Perales, 141 Cal. 581, 75 P. 170, 171, to the effect:

"When * * * the words or terms used in the statute have no technical or precise meaning, which of themselves imply the offense, or where the particular facts or acts which shall constitute it are not specified, but, from the general language used, many things may be done which may constitute an offense, it is then necessary, in charging an offense claimed to be embraced within the general language of the statute, to set forth the particular things or acts charged to have been done with reasonable certainty and distinctness, so that the court may determine whether an offense within the statute is charged, or one over which it has jurisdiction, and so that the defendant may be advised of the particular nature of it, in order to defend against it, and to plead in bar a judgment of conviction or acquittal thereof, if subsequently prosecuted."

■ There is the further rule announced in paragraph 7 of the syllabus of Ex parte Hunnicutt, 7 Okl.Cr. 213, 123 P. 179, 180, that:

"Under the Constitution of this state, it is necessary for an information or indictment to state the ultimate facts necessary to constitute an offense. Allegations of conclusions of law and of the opinions of the pleader will not charge an offense against the law."

It is argued by counsel for the defendant that the statement, "By attempted forcible entry through a north window of said building" is not a statement of fact or circumstance, but the conclusion of the pleader drawn from facts known to him but not set forth in the information, which of course is contrary to the rule quoted from Ex parte Hunnicutt, supra.

■ The thought is, what overt act was done to justify the conclusion plead? Was such act sufficient to justify the conclusion? In passing on the sufficiency of the information, the court could not intelligently determine this question without further information. Did the defendant attempt to enter an open window by crawling into it, but was forced back by someone inside the building, or was he merely peeping or did he remove a screen and attempt to remove a glass window, did he break the glass and was prevented from entering by reason of steel bars? The information does not indicate. We conclude that the overt acts ultimately shown by the State's evidence should have been set out, to wit: "by the cutting away and removal of the screen from said window, and attempting to cut out glass window panes of said window."

The undisputed evidence developed such facts; that is to say, that someone was in the act of accomplishing an entrance into the building in question through the window named when the owner of the business being conducted there entered and apparently turned on a light (though it was not specifically so shown), and the burglars, whoever they were, desisted and were frightened away. We conclude that it was necessary to allege such overt acts, as well as to prove them. Such proof, then, would have been sufficient to support a conviction of attempt to commit the crime charged because such acts proved went far enough toward the accomplishment of offense to amount to commencement of its consummation.

■ It is further argued by counsel that the information fails to allege intent to commit the crime charged. We note that it was alleged, in effect, that defendant attempted to break and enter a certain building with the unlawful "intent" to take and steal, etc. We consider this sufficient, in connection with a further amendment to the information we consider necessary, and to be mentioned.

■ ■ While it is the law that intent to commit a crime must be one in fact, not merely one in law, the intent may be inferred from the circumstances. Sheehan v. State, 83 Okl.Cr. 41, 172 P.2d 809. That is to say, burglary is the forcible entry with intent to steal or to commit some other offense. The crime is complete when entry is made with intent to steal. Actual stealing is not necessary. Stealing would be but evidence of the intent. See 22 C.J.S., Criminal Law, § 75; Hankins v. State, 103 Ark. 28, 145 S.W. 524; Pate v. State, 206 Ark. 693, 177 S.W.2d 933; Kennedy v. State, 223 Ark. 915, 270 S.W.2d 912.

It is finally urged, as to the information, that it is defective in that overlooked was the third element necessary to constitute an attempt to commit a crime, and being failure of consummation.

See State v. Thomason, 23 Okl.Cr. 104, 212 P. 1026, where on appeal by the State this court held the information involved was sufficient to charge the offense of attempt to manufacture whiskey, and where the information in question was analyzed and approved. The inference being that such allegation was necessary. There it was alleged " 'and said John E. Thomason would have completed the manufacture of said whisky, had he not been prevented from doing so in his attempt by the officers taking his still * * *.' "

■ We think that the information here should have contained such an allegation after the third mentioning in the information of "Morris Adams", as follows: "and that said Merle Place would have completed his entrance to said building if he had not been frightened away or caused to desist by reason of said Morris Adams entering and turning on the lights in said building; all of which acts were then and there done by him, the said Merle Place with the unlawful intent" etc.

In quoting the information hereinbefore, we call attention to the fact that we have bracketed and italicized these suggested amendments, which in the opinion of this court will make it sufficient on a new trial, which defendant is entitled to by reason of these defects and other matters to be mentioned.

It is next urged that it was error for the county attorney to bring into the court room and place in full view of the jury a box of tools capable of being used in the commission of the offense charged, when he must have known that he could not identify such tools, or connect the defendant with them. It is pointed out that in his opening statement the assistant county attorney stated that evidence would be introduced that at time of arrest of defendant certain tools such as glass cutters, hammer, crowbars and other equipment were found in his automobile.

We conclude that the error complained of was harmless because the State established that at the time defendant was arrested he had "a number of tools, pliers, a glass cutter, a couple of little prybars, a sledge hammer, various other carpenter's tools", but the officer would not say that the tools offered for identification were the actual tools that he saw. It further appears that the officer upon whom the county attorney relied to identify the tools as being the same tools they took from the defendant's car at the time of his arrest, though subpoenaed, was out of the State at the time of the trial. Of course the county attorney should not have brought the tools in to be observed by the jury when he learned that his witness upon whom he would depend to identify them was out of the State. But officer Walker did testify to observing like tools in defendant's car. This is far different from the case of Hilyard v. State, 90 Okl.Cr. 435, 214 P.2d 953, 28 A.L.R.2d 961, which case was reversed principally by reason of the county attorney advising the jury in his opening statement that he would prove material matters, and then making no effort to do so.

It is next contended that the evidence was insufficient to support the conviction. By reason of the fact that a new trial will be required, we are not going to take up space that would be required for a detailed summary of the evidence. Suffice to say that Morris Adams of Ponca City gave a Christmas party for his employees the evening of December 20, 1954 and thereafter returned to his store to put some perishables in a refrigerator located on the north wall of the building, near a window. The motor of his refrigerator was making a noise, but Mr. Adams heard what he thought was a cutting, or scraping sound on the window. He was disturbed and left the building to go to his parked car where he had left his wife, and to report the matter to the police. He noticed a car coming fast out of the alley that led to the rear of his store. He took the tag number: Okla.1954 2–62187, and went to the police station and reported the matter. Officer Lane made an investigation and it was found that a window screen had been cut off and was on the ground and that an attempt had been made to cut the glass in the window. Mr. Adams had observed this window earlier in the day, and the screen was intact. Adams testified that the only way out of the alley would be to come across his parking lot next to the store.

A pick-up order was put out for a car with the tag in question, and it was within a few hours located in Springdale, Arkansas, with three men in it. Later one Frank Regan learned about the robbery and he testified that the defendant and two other men ate in his cafe the night of December 20, 1954 and they got into a heated argument. Their car was parked out in front of his place, and he got the tag number, identical with that taken down by Mr. Adams. He identified the defendant and his two companions after they were arrested and returned to Ponca City.

The usual rule is that circumstantial evidence must be consistent with guilt, and inconsistent with innocence. We consider this test met in this case. No reasonable explanation of the evidence in this case exists other than that of guilt. If some reasonable explanation existed other than guilt, defendant did not offer it for the consideration of the jury.

By reason of what has been said, we are reluctant, but compelled to reverse this case for a new trial with an amended information.

Judgment reversed and case remanded for a new trial.

BRETT, J., concurs.

JONES, P. J., dissents.