**Howard McKINLEY, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13766.**

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1966.

Milton Keen, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Howard McKinley was tried and convicted in the district court of Custer County, Oklahoma, for the crime of attempted burglary in the second degree, after former conviction of a felony.

This case was set for oral argument in this Court for November 17, 1965. When the matter was called, the Attorney General announced that he would not file an answer to the brief of the plaintiff in error, by reason of the merit found in the second proposition set forth in plaintiff's brief. He thereby confessed error.

The second proposition of plaintiff in error was, in substance, that the information on which the trial was conducted was not sufficient, in that it did not properly state all of the elements of the offense charged.

After reviewing the record, we are of the opinion that the Attorney General was correct, and that this case must be reversed for the reason that the information is defective.

Under the Constitution of this State, it is necessary for an information or indictment to state the ultimate facts necessary to constitute an offense. Allegations of conclusions of law and of the opinions of the pleader will not charge an offense against the law. See Place v. State, Okl.

Cr., 300 P.2d 666; and Ex parte Hunnicutt, 7 Okl.Cr. 213, 123 P. 179.

We observe from the record that the plaintiff in error properly filed his motion to quash, various demurrers, motion to strike, objections to introduction of evidence, and motion for directed verdict. All were filed at the proper time, and should have been sustained.

We conclude, therefore, that because of the insufficiency of the information, in not properly charging the offense of attempted burglary in the second degree, after former conviction of a felony, it is necessary that this case be reversed.

For the reasons stated, the judgment and sentence of the trial court is reversed.

BUSSEY, P. J., and NIX, J., concur.