Alfred William HARGRAVES, Jr.,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13618.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1966.

Rehearing Denied June 20, 1966.

Raymond A. Trapp, Ponca City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., State of Oklahoma, for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

Alfred William Hargraves, Jr., was charged, tried and convicted in the County Court of Kay County, Oklahoma, and ap-peals. The sole contention urged on appeal is that the information under which the defendant was tried was so fundamentally defective it will not support the judgment and sentence. The charging part of the information reads as follows:

"* * * did then and there unlawfully wrongfully and wilfully commit the crime of Reckless Driving. That is to say, the said defendant, on the day and year aforesaid, and in Kay County, State of Oklahoma, then and there being, did un-lawfully, wrongfully and wilfully com-mit the crime of Reckless driving at a point on a county road just one mile northwest of the city limits of Ponca City, Kay County, Oklahoma, and just west of the Ponca City municipal Airport, at which time the said defendant did drive, propel and operate a certain 1958 blue-white Chevrolet sedan automobile bear-ing 1964 Oklahoma motor vehicle license No. KA–8658 in a careless and wanton manner without regard for the safety of persons or property and also in violation of the conditions as outlined in Title 47, Section 11–801 of the Oklahoma Statutes Annotated by then and there further op-erating said vehicle along and upon said highway at a fast and dangerous speed and was then and there drag racing with another vehicle."

The Information was laid under the provi-sions of 47 Okl.St.Ann. § 11–901, the same providing:

"(a) It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without re-gard for the safety of persons or property or in violation of the conditions outlined in section 11–801."

At the outset, we observe that no Demur-rer was interposed to the Information, but that the defendant announced ready and proceeded to trial.

An almost identical question was consid-ered by the Court in Courtney v. State; the original opinion appears as Courtney v. State, Okl.Cr., 148 P.2d 485, and the opinion entered on Motion for Rehearing appears

as Courtney v. State, 79 Okl.Cr. 206, 153 P.2d 243. In the Courtney case, the charging part of the Information provided:

" * * * commit the crime of Reckless Driving in the manner and form as follows, to-wit:

That the said William Henry Courtney did * * * drive an automobile in a reckless manner, running into a Chevrolet truck, that the said reckless driving occurred on Highway 75 about One half mile North of Lehigh, Oklahoma, contary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the State."

This charge was laid under the Statutes of 47 O.S.1941 § 92, which provided:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead. * * *"

In the original opinion reported in 148 P.2d 485, this Court stated:

"The information alleges that 'the defendant did drive an automobile in a reckless manner, running into a Chevrolet truck on Highway 75, about one-half mile north of Lehigh,' etc.

The allegation that defendant drove in a reckless manner, of course, was a conclusion of the pleader. Under the statute the defendant might have been guilty of any one of several different things while driving an automobile which would have

constituted reckless driving. The particular acts which it is alleged the defendant committed should have been set forth, and no doubt if the demurrer had been called to the attention of the court he would have directed the county attorney to have amended the information to have shown at what particular acts of the defendant the complaint was directed. However, the information is not so fundamentally defective that it will not support the judgment and sentence."

Thereafter, on rehearing, and in an opinion reported in 153 P.2d 243, this Court observed that it had overlooked the Minutes of the trial proceedings overruling the defendant's Demurrer to the Information and again stated:

"(1). A demurrer is the proper pleading to challenge the insufficiency of an information where it is contended that the facts alleged do not constitute a public offense. 22 O.S.1941 § 504.

* * * because of the error of the trial court in overruling the demurrer to the information and in view of the closeness of the case, the cause is reversed and remanded with instructions to sustain the demurrer and for such further proceedings as the trial court deems proper."

We are of the opinion and therefore hold, that when a violation of 47 Okl.St.Ann. § 11–901, is charged in the language of the statute, as in the instant case, and the defendant enters a plea to the merits without first having interposed a demurrer to said information, the information is not so fundamentally defective that it will not support the judgment and sentence. The judgment and sentence appealed from is affirmed.

BRETT and NIX, JJ., concur.