**Leonard Wayne DALTON, Petitioner,**

**v.**

**The STATE of Oklahoma, and Ray H. Page, Warden of the Oklahoma State Penitentiary, McAlester, Respondents.**

**No. A–13449.**

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1964.

Leonard Wayne Dalton, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Judge.

This is an original proceedings for a writ of Habeas Corpus by the petitioner, Leonard W. Dalton, an inmate of the State Penitentiary, in which he seeks his release alleging that the judgment and sentence under which he was confined is invalid.

It appears from the record before us that while the petitioner was serving as a trusty at the State Reformatory at Granite, he was playing with the prison band, and ran away from custody while on a trip to Mt. View, Oklahoma. He was charged with Escaping from Prison in the District Court of Greer County, Oklahoma, and upon entering a plea of guilty, was sentenced to Two (2) years in the State Penitentiary.

Petitioner alleges that since he did not escape in Greer County, that they did not have jurisdiction to sentence him.

However, this Court held in the case of Sweden v. State, 83 Okl.Cr. 1, 172 P.2d 432, that:

"An inmate of the state penitentiary at McAlester, in Pittsburg County, who escapes while he is a trusty, is properly charged with escape in the district court of Pittsburg county, since he was still constructively an inmate of the penitentiary in such county even though he was temporarily out of the penitentiary as a trusty working in such county or in any other county when he made his escape." 21 O.S.1941 § 443.

The same rule would apply in this case. The petitioner was serving his sentence at the State Reformatory at Granite, Oklahoma in Greer County. And the fact that he had temporarily left the reformatory while a trusty and escaped while in another county, still places the jurisdiction in Greer County, Oklahoma.

The Writ is, accordingly, denied.

JOHNSON, P. J., and BUSSEY, J., concur.