**Don THURMAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–48.**

Court of Criminal Appeals of Oklahoma.

May 30, 1973.

Don Anderson, public defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Don Thurman, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRF-72-960, for the offense of Escape from the State Penitentiary, his punishment was fixed at two (2) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Warren Miller testified that he was a director of the Work Release Center at 315 Northwest Expressway in Oklahoma City; that defendant, who was serving a term of imprisonment for Second Degree Burglary from Pontotoc County, was assigned to the Work Release Center. On April 8, 1972, defendant requested and received a twelve hour pass from the Release Center for the purpose of visiting his brother in Oklahoma City. Defendant did not return to the Center and was arrested in Ada, Oklahoma, and returned to the Oklahoma County Jail on April 26, 1972. Defendant's penitentiary mailing list indicated that his parents and wife lived in Ada.

Theodore Logan testified that he was a counselor at the Work Release Center and at midnight on April 8, 1972, conducted a head count. He determined that defendant was not present. On April 26 he went to Ada and received custody of the defendant and returned him to the Oklahoma County Jail.

The defendant testified that he was serving a three year sentence imposed on February 12, 1971. He received a twelve hour pass, but failed to return and was arrested in Ada on April 23. He testified that he "just got to drinking and just failed to return." (Tr. 20) That he intended to return, but "the City law picked me up in Ada before I could get back." On cross-examination, he admitted that he knew he as still under the Department of Corrections and that he wasn't "a free man to walk the streets."

█ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805.

█ The final proposition contends that the punishment is excessive. Suffice it to say the punishment imposed is the minimum provided by law. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.