## FRANK CERDAY v. STATE.

No. A-8158.   Oct. 30, 1931.
(5 Pac. [2d] 169.)

Stevens & Cline, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton county of a second and subsequent violation of the prohibitory liquor laws, and his punishment fixed by the court

at a fine of $50 and imprisonment in the state penitentiary for one year and six months.

The record in this case discloses that on the 16th day of November, 1929, the county attorney filed a complaint before the county judge of Cotton county, attempting to charge the defendant with a second and subsequent violation of the prohibitory liquor laws; a preliminary hearing was had, and defendant bound over to the district court; that thereafter, and on the 7th day of February, 1930, the county attorney filed an information in the district court of Cotton county, attempting to charge the defendant with said second and subsequent violation of the prohibitory liquor laws; that defendant filed no demurrer to the information; that thereafter, and on the 4th day of March, 1930, the cause came on for trial in the district court; that a jury was duly impaneled; that the state's witnesses were sworn and one called to the stand to testify; that thereupon the defendant objected to the introduction of any evidence, for the reason that the information failed to charge an offense against the defendant under the laws of the state; that thereupon the trial judge found that the information did not state facts sufficient to charge the defendant with a crime, and sustained the demurrer and discharged the jury; that the trial court made no order directing the county attorney to file an amended information, or proceed any further in the case; that thereafter, and on the 18th day of March, 1930, the county attorney, without leave of court, filed an amended information against the defendant; that on the 8th day of November,1930, defendant was arraigned upon this amended information and refused to plead, and thereupon the court directed the clerk to enter a plea of not guilty; that on the 10th day of November, 1930, the case was called for trial and a jury impaneled and sworn; that thereupon

the defendant objected to the introduction of any evidence, because the amended information upon which he was about to be brought to trial was not ordered filed by the judge of the court. This objection was overruled, and defendant forced to trial, which resulted in the conviction and punishment heretofore stated.

The record in this case presents two questions:

First. Where the court sustains a demurrer to the information, may the county attorney file an amended information without an order from the court?

Second. May the question properly be raised by an objection to the introduction of evidence?

Section 2612, C. O. S. 1921, provides:

"If the demurrer is sustained, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of opinion that the objection on which the demurrer is sustained may be avoided in a new indictment or information, direct the case to be resubmitted to the same or another grand jury, or that a new information be filed."

Section 2613, C. O. S. 1921, provides:

"If the court do not direct the case to be further prosecuted, the defendant, if in custody, must be discharged, or if admitted to bail, his bail is exonerated, or if he have deposited money instead of bail, the money must be refunded to him."

In State v. Vaughn, 15 Okla. Cr. 187, 175 Pac. 731, this court, speaking through Judge Matson, said:

"Section 5795, Revised Laws 1910, construed, and held, where the trial court sustains a demurrer to an information in a criminal case, and fails to order or direct that a new information be filed charging the same offense, the

judgment sustaining the demurrer to the information is final, and the accused may not be subjected to another prosecution for the same offense."

In State v. Walton, 30 Okla. Cr. 416, 236 Pac. 629, this court said:

"Under Code of Criminal Procedure, section 2612, C. S. 1921, if a demurrer to the indictment or information is sustained, the judgment is final, and such judgment is a bar to another prosecution for the same offense, unless the court at the time directs the case to be resubmitted or that a new information be filed, and such direction must be by matter of record.

"A judgment sustaining a demurrer under the statute is as far-reaching and conclusive as to the defendant's liability for the crime charged as though it had been rendered upon a verdict of not guilty, where the court does not order a resubmission of the case or direct that a new information be filed.

"The judgment of the trial court sustaining the demurrer to an information, unaccompanied by contemporaneous order or direction to file a new information, is a bar to further prosecution for the same offense."

To the same effect are: State v. Shafer, 15 Okla. Cr. 610, 179 Pac. 782; State v. Wheatley, 20 Okla. Cr. 28, 200 Pac. 1004; State v. Robertson, 28 Okla. Cr. 234, 230 Pac. 932; State v. Graham, 38 Okla. Cr. 325, 261 Pac. 230.

Under these authorities, the county attorney was without authority to file an amended information without an order of court, and the filing of such amended information gave the district court no jurisdiction to hear and determine the case.

The question raised next is: Can the defendant raise this question by an objection to the introduction of evidence after the jury has been impaneled and the state placed its first witness upon the stand?

Section 2616, C. O. S. 1921, provides:

"When the objections mentioned in section 5791 (2608) appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

In Huckaby v. State, 22 Okla. Cr. 376, 211 Pac. 525, 527, this court said:

"An objection to the introduction of evidence on the ground that the information does not state facts sufficient to constitute a crime is sufficient to challenge the sufficiency of the averments of the information."

To the same effect are: Gourley v. State, 8 Okla. Cr. 598, 129 Pac. 684; Stone v. State, 12 Okla. Cr. 313, 155 Pac. 701; Roebuck v. State, 14 Okla. Cr. 241, 170 Pac. 277.

Under the authorities above cited, an objection to the introduction of any evidence is sufficient, where the information wholly fails to state an offense.

The trial court should have directed the county attorney to file an amended information. But, since the information was filed without an order of court and the defendant properly raised the question, it was reversible error for the trial court to overrule the same. Because of such error, the cause is reversed, with directions to dismiss the same.

DAVENPORT, P. J., and EDWARDS, J., concur.