## CARL SWEDEN v. STATE.

No. A-10592.   Aug. 28, 1946.

(172 P. 2d 432.)

William Jones, of McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Carl Sweden, was charged in the district court of Pittsburg county with escaping from the State Penitentiary; a jury was waived, the defendant was tried, convicted and sentenced to serve the minimum term of two years in the State Penitentiary and has appealed.

At the time of the arraignment of defendant, he was without counsel and the district court appointed his present counsel to represent him.

The record discloses that the hearing before the district judge was very informal. Much of the evidence consists in statements by counsel admitting certain facts in lieu of the state being required to introduce evidence to prove such facts. The contention of counsel for defendant during the trial can best be shown by the statement of his counsel as follows:

Mr. Jones: "I agreed that he left the institution and was away, and was brought back, but his defense is that he was a trusty, and was not an escaped prisoner."

The contention of counsel that the defendant could not be prosecuted as an escaped prisoner because he is a trusty cannot be sustained in view of the statute which provides:

"Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto who escapes from such prison, either while confined therein, or while permitted to be at large as a trusty, is punishable by im-

prisonment in such prison for a term not less than two (2) years or more than seven (7) years, to commence from the expiration of the original term of his imprisonment." 21 O.S.1941 § 443.

Counsel contends in their brief that no venue was proved. The only witness who was sworn to testify was the record clerk at the State Penitentiary, and only very few questions were asked him. His evidence showed that the defendant was received at the Oklahoma State Penitentiary on April 2, 1939, and that while he was a trusty on August 3, 1941, he left the institution. When counsel for the state attempted to question the witness in connection with the alleged escape, the record discloses that counsel for defendant objected for the reason that the fact was not in the personal knowledge of the witness. A colloquy then occurred between counsel for defendant and the court during which counsel for defendant and the defendant himself made certain admissions concerning the alleged escape. The defendant interrupted to speak four or five times and stated that he was at a hayfield when he left, and that he was found near Evansville, Indiana and brought back to the penitentiary. After certain admissions had been made by counsel for defendant and the defendant, the trial court stated:

"You state that you agree that he left the hayfield as an inmate and was a trusty, and without permission of the officials, he left and was apprehended in Indiana and brought back. Mr. Jones: That would be it."

No further proof was offered by either side after this statement by the court.

It is true that there is no direct testimony that the hayfield where the defendant was working as a trusty at the time of his escape was in Pittsburg county, but,

as we view the record, even though he was temporarily out of the penitentiary as a trusty working in Pittsburg county, or any other county, he was still constructively an inmate of the State Penitentiary at McAlester in Pittsburg county, and any escape while thus an inmate should be prosecuted in Pittsburg county.

This court has had occasion to learn something of the rules of conduct governing the prisoners at the State Penitentiary. Those who are trusties are given a large amount of liberty, and in many instances they are sent on errands to adjoining counties. Some of them have even delivered furniture made at the State Penitentiary to the State Capitol in recent months. All of these trusties were inmates of the State Penitentiary regardless of where they might be sent to work. They were constructively in the custody of the warden of the State Penitentiary from the time of their reception at that institution until they receive their discharge by serving their term or as a result of the granting to them of executive clemency.

The witness Choat testified that he was record clerk of the Oklahoma State Penitentiary. The exhibits which he identified and which were admitted in evidence were the judgment and sentence and commitment of the defendant to the Oklahoma State Penitentiary at McAlester. This court will take judicial notice that the Oklahoma State Penitentiary is located at McAlester.

The defendant further contends that there is a variance between the allegations of the criminal complaint and the information filed in the district court. This contention is based upon the fact that the preliminary complaint charged specifically that the defend-

ant escaped from the State Penitentiary on August 3, 1941. In the body of the information, a typographical error describes the date as the 3rd day of August, 1940, and in another place in the said information referred to the 3rd day of March, 1940. However, at the beginning of the information it is recited:

"Carl Sweden did, in Pittsburg County and State of Oklahoma, on or about the 3rd day of August in the year of our Lord, one thousand nineteen hundred and forty-one, and anterior to the presentment hereof, then and there unlawfully, willfully, and feloniously commit the crime of escaping from a state prison in the manner and form as follows, to wit:   *   *   *

Carelessness in the preparation of the information led to the typographical errors which are relied upon by counsel for defendant to sustain his plea that there is a material variance. The information was not attacked at the time of the arraignment of the accused. The proper procedure to have followed, if counsel for defendant was of the opinion that there was a material variance between the allegations of the preliminary complaint and the information, was to present a motion to quash the information on the ground that there was a material variance from the allegations of the preliminary complaint. No such motion to quash was ever presented. We think it is so clearly apparent that the dates typed into the body of the information are typographical errors that the defendant was certainly not misled or confused in the preparation of his defense. The proof at the trial showed that the defendant escaped from the prison on August 3, 1941. Counsel for defendant demurred to the evidence introduced by the state, but did not ask for the discharge of the defendant on the grounds that there was a variance between the allegations of the information and the proof.

We are quite sure that if the erroneous mistakes in the body of the information had been called to the trial court's attention by proper pleading upon arraignment, the county attorney would have been directed to have amended the information to have conformed to the true date of the alleged escape as set forth in the heading to the information, and which was clearly set forth in the preliminary complaint.

It has been held that a variance is not material unless it misleads the accused in preparing his defense or exposes him to double jeopardy. Tiger v. State, 54 Okla. Cr. 202, 16 P.2d 889; Herren v. State, 72 Okla. Cr. 254, 115 P.2d 258.

This court does not approve of the handling of criminal cases in the manner in which this case was presented. However, the fault lay as much in the hands of counsel for defendant as with the county attorney or the court. The county attorney should bear in mind, however, that the burden is upon the state to prove the guilt of defendant beyond a reasonable doubt, and this includes the proving of venue and all other essentials necessary to show jurisdiction and sustain a judgment of conviction. We find there is sufficient evidence, circumstantial or direct, in the record to show that the defendant did escape from the State Penitentiary on August 3, 1941, and was later recaptured at Evansville, Indiana, which, after all, was the gist of the offense.

Counsel for defendant at the time of the trial interposed only one defense, and that, was that since the accused was a trusty and not confined within the walls of the penitentiary, that he could not be prosecuted for his alleged escape. In view of the statute hereinabove

cited, this contention was correctly overruled. The judgment of the district court of Pittsburg county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.