Charles Paul **BALEDGE**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

Charles Paul **BALEDGE**, Petitioner,

v.

Ray H. **PAGE**, Warden, Oklahoma State Penitentiary, Respondent.

Nos. A–16063, A–16145.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Keen & Moulton, Oklahoma City, for plaintiff in error/petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error/respondent.

NIX, Judge.

Charles Paul Baledge has perfected to this Court an appeal from an adverse ruling against him in the District Court of Pittsburg County, Case No. 6119, which denied a petition for writ of error-coram nobis; and a petition for writ of habeas corpus, which has been docketed as our Case No. A–16,145 raising the same issues as those urged in his appeal and therefore the cases have been consolidated for decision.

The record indicates that on July 30, 1965, petitioner herein was committed to the Oklahoma State Penitentiary by virtue of judgment and sentence of the District Court of Oklahoma County, Case No. 27,-197, sentencing him to a term of ten years imprisonment on his plea of guilty to the crime of Burglary in the Second Degree, After Former Conviction of a Felony. While an inmate of the state penitentiary at McAlester serving the ten year sentence, the petitioner on April 11, 1967, was transported to the University Hospital in Oklahoma County as a patient for medical treatment and escaped therefrom on or about April 15, 1967.

Based on these facts, the petitioner was apparently charged in Pittsburg County with the crime of Escape, After Former Conviction of a Felony, and came before a magistrate while represented by counsel, Charles V. Foor, and entered a plea of not guilty. On July 24, 1967, preliminary hearing was held and defendant bound over for trial in the District Court of Pittsburg County. Thereafter, petitioner, while represented by new counsel, Willard Gotcher, on September 12, 1967, appeared in open court and entered a plea of guilty to the charge of Escape, with the charge of 'former conviction of a felony' being dismissed. Upon this plea of guilty, the defendant was sentenced to serve a term of imprisonment of two years upon completion of the ten year Oklahoma County sentence.

Substantially, it is petitioner's contention that his plea of guilty to the charge of Escape on September 12, 1967, was coerced, involuntary, and entered on the basis of mistaken facts which render the plea invalid. Petitioner contends that the mistaken facts were that no crime was committed, that the crime charged never existed, that Pittsburg County had no venue nor jurisdiction, and that the information failed to charge any offense.

After carefully reviewing the record and having heard argument of counsel before this Court, we find that there is no evidence of coercion or that the plea to the charge of prison escape on September 12, 1967 was other than voluntary. Petitioner was represented by counsel, and there is no indication of lack of adequate legal representation. Accordingly we find no basis for the granting of a writ of habeas corpus.

Regarding the mistaken facts which petitioner urged in his petition for writ of error-coram nobis, we find no merit and concur in the judgment of the District Court of Pittsburg County. A careful review of the record does not disclose error of facts "unknown to the court" and which "could not have been known by the party" at the

time of judgment and sentence which would form the basis for the granting of a writ of error-coram nobis. Hurt v. State, Okl.Cr., 312 P.2d 169. The evidence shows that at the time the crime was committed, that Pittsburg County had jurisdiction, and that the information charged said offense.

Implicit throughout petitioner's position is the contention that Pittsburg County was without jurisdiction since petitioner escaped from custody in Oklahoma County. In view of the Oklahoma statute and former decisions of the Court, it is apparent that this suggestion is without merit. Title 22, O.S.1961, § 132, provides that:

"The jurisdiction of a prosecution for escaping from prison is in any county of the State."

The right guaranteed in the Oklahoma Constitution to trial in the county where the offense was committed relates to venue, rather than jurisdiction, and is waived by the entering of a plea of guilty. Madewell v. Page, Okl.Cr., 421 P.2d 288 (1967). This Court held in Key v. State, Okl.Cr., 424 P.2d 99 (1967) that a petitioner who pleaded guilty to the charge of escape waived the right to trial in the county where the escape occurred and was not entitled to habeas corpus upon being tried and convicted in another county. It is therefore apparent that Pittsburg County had jurisdiction to impose the judgment and sentence upon petitioner's voluntary plea of guilty to the charge of prison escape.

Title 21, O.S.1961, § 443, provides:

"Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto who escapes from such prison, either while confined therein, or while permitted to be at large as a trusty, is punishable by imprisonment in such prison for a term not less than two (2) years nor more than seven (7) years."

In Sweden v. State, 83 Okl.Cr. 1, 172 P.2d 432 (1946), this Court held:

" * * * even though he [defendant] was temporarily out of the penitentiary as a trusty working in Pittsburg County, *or any other county,* he was still constructively an inmate of the State Penitentiary at McAlester in Pittsburg County, and any escape while thus an inmate should be prosecuted in Pittsburg County." (Emphasis added.)

The same rule was reaffirmed in Dalton v. State, Okl.Cr., 388 P.2d 875 (1964).

Although the petitioner in the instant case was not temporarily out of the penitentiary confines as a trusty, he was nevertheless still "constructively an inmate of the state penitentiary" in Pittsburg County, although transported to a hospital in Oklahoma County for medical treatment. To hold otherwise leads to the absurd conclusion that petitioner had been released from the penitentiary on the sentence he was presently serving. Such a conclusion has no foundation in law. Although there may be significant distinctions between one on trusty status and an inmate transported to a hospital for medical treatment, they share a similar status for the purpose of the rule announced in *Sweden,* supra, as they are both still constructively inmates of the state penitentiary at McAlester located in Pittsburg County and triable for escape in Pittsburg County, even though their escape occurred in a county other than Pittsburg.

We therefore conclude that the District Court of Pittsburg County had jurisdiction to enter judgment and sentence of two years imprisonment upon petitioner's plea of guilty to the crime of prison escape and accordingly deny any relief herein.

The petition for writ of habeas corpus in case number A–16,145 is hereby denied. And, the judgment and sentence from Pittsburg County in case number A–16,063 is hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.