**Frank Thomas KIMBRO, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16806.**

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1971.

Rehearing Denied Dec. 10, 1971.

BUSSEY, Presiding Judge:

Frank Thomas Kimbro, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Pittsburg County, Oklahoma, for the offense of Escape. His punishment was fixed at two (2) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the non-jury trial, the parties stipulated that the court could consider the testimony given by witnesses at the defendant's Preliminary Hearing. The witnesses testified that on the 18th day of January, 1971, the defendant was transferred on medical leave to the University

Hospital in Oklahoma City, for treatment and surgery, from the penitentiary at McAlester, wherein he was serving a conviction for Burglary in the Second Degree, After Former Conviction of a Felony. Thereafter, on or about the 25th day of January, 1971, the defendant walked off from the hospital in Oklahoma City without permission, and was later arrested and charged on the 27th day of January, 1971, with the crime of Escape; the defendant did not have permission to leave the hospital.

The defendant testified that he was under medication at the University Hospital on the day in question, and that he talked to his small daughter on the telephone, who informed him that her aunt had walked off. He did not remember leaving the hospital.

The sole proposition asserts that the trial court erred in denying the defendant's motion for change of venue to Oklahoma County, wherein the alleged offense was committed. The defendant first raised the question of venue at the Preliminary Hearing, and thereafter at every stage of the proceedings. In Dalton v. State, Okl.Cr., 388 P.2d 875, we stated in the first syllabus:

"An inmate of the state reformatory at Granite, in Greer County, Oklahoma, who escapes while he is a trusty, is properly charged with escape in the district court of Greer County, since he was still constructively an inmate of the reformatory in such county even though he was temporarily out of the reformatory as a trusty working in such county or in any other county when he made his escape. Title 21, O.S.A. § 443."

We, therefore, find this proposition without merit.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is accordingly, affirmed.

BRETT and NIX, JJ., concur.