**Thomas D. WALLACE, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–661.**

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1974.

Larry H. Moon, Oklahoma City, Court Appointed, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant Thomas D. Wallace, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, LeFlore County, Case No. CRF–73–126, for the offense of Escape from State Penitentiary in violation of 21 O.S. § 443. His punishment was fixed at a term of two (2) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial an assistant records clerk of the Oklahoma State Penitentiary testified that the defendant was received at the penitentiary on September 28, 1972, under judgment and sentence from Lincoln County. From the State Penitentiary, the de-

fendant was subsequently transferred to the Ouchita Vocational Technical Camp on July 31, 1973, still under the original judgment and sentence.

Testimony from the corrections officers of the Vocational Camp stated that the defendant was present in the camp in the early evening of August 28, 1973, but was found to be missing without the permission of the authorities later that night when a routine bed check was conducted. The defendant was thereafter arrested by corrections officials on the 30th day of August, 1973, at a site 12 or 13 miles from the location of the vocational camp. The Chief of Security of the camp testified that he observed the defendant after the arrest by the corrections officers at that site on that date. On Cross-examination, the Chief of Security testified that he did not have the authority to give a prisoner permission to leave the camp's premises, but that such authority was vested in the Warden at the penitentiary in McAlester.

Two fellow inmates testified on behalf of the defendant that the defendant's life had been threatened by another prisoner in August of 1973. The threatening prisoner told the defendant, in the presence of one of the testifying inmates, that the defendant was a "snitch" and that he was going to kill the defendant for that reason unless the defendant "split." The threat was made while a knife was being held at the defendant's throat.

The defendant argues that the trial court misinstructed the jury regarding what offense was proved by the evidence. He further argues that the Vocational Technical Training Camp is not the State Reformatory or State Penitentiary referred to in the charging statute. The defendant was charged by information under the provisions of 21 O.S. § 443, which states:

"Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto who escapes from such prison, either while confined therein, or while permitted to be at large as a trusty, is punishable by imprisonment in such pris-

on for a term not less than two (2) years or more than seven (7) years."

Requested instructions were timely submitted on behalf of the defendant to have the jury consider a lesser included offense based on the provisions of 21 O.S. § 435, Escape from other Prisons, which states:

"Every prisoner confined in any other than the penitentiary, who by force or fraud escapes therefrom, is punishable by imprisonment in the penitentiary not exceeding two years, or in a county jail not exceeding one year, to commence from the expiration of the original term of his imprisonment."

This requested instruction was overruled by the trial judge, and properly so.

 It is our opinion that 21 O.S. § 435, Escape from other Prison, is not a lesser included offense of 21 O.S. § 443, but is a separate and distinct offense which is the correct charging statute in situations such as found in Brown v. State, Okl.Cr., 449 P.2d 274. The defendant in that case was being held in the county jail under authority of an extradition warrant when he escaped. In aother case, Hood v. State, Okl.Cr., 395 P.2d 348, the defendant was held in the city jail from which he made his escape. It is clear from a reading of 21 O.S. § 435 that the law therein deals with escapes by prisoners who were sentenced to institutions other than the state penitentiary or state reformatory, i. e. city and county jails. In the instant case the defendant was sentenced to the state penitentiary, which clearly makes 21 O.S. § 443 the proper charging statute.

 The defendant's second contention is that the Ouchita Vocational Technical Camp is not the state penitentiary or state reformatory as enumerated in the statute. We have consistently held that an inmate or trusty of the state penitentiary or reformatory is constructively an inmate thereof while in another institution or on a work assignment in any county of the state. See Sweden v. State, 83 Okl.Cr. 1, 172 P.2d 432 and Dalton v. State, Okl.Cr.,

388 P.2d 875. The status of a prisoner or inmate who has been sentenced to a state penitentiary is not subsequently altered by a transfer to another institution, work release center or any other institution under the Department of Corrections. See Thurman v. State, Okl.Cr., 510 P.2d 1011.

For all of the above and foregoing reasons, the judgment and sentence appealed from is affirmed.

BLISS, P. J., and BRETT, J., concur.