**William LAURIE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–425.**

Court of Criminal Appeals of Oklahoma.

Dec. 12, 1974.

Harrell F. Followell, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, William Laurie, hereinafter referred to as defendant, was charged, tried with a co-defendant before a jury and convicted for the offense of Escape From a State Penitentiary in the District Court of LeFlore County in Case No. CRF–73–123. His punishment was assessed at two (2) years in the State penitentiary. From a judgment and sentence consistent with said verdict, the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: The defendant and the State stipulated that on the date in question the defendant was being legally held in the custody of the Department of Corrections of the State of Oklahoma under a judgment and sentence from Custer County for the offense of burglary in the second degree and that the defendant was incarcerated at the Ouachita Vocational Technical Training Camp, same being a division of the Department of Corrections.

C. J. Cranfield testified that he was a corrections officer at the Training Camp in Hodgens and identified the defendant as one of two persons missing without permission during a head count on August 26, 1973. Hugh Gardenhire then testified that he was chief of security at the Training Camp and also identified the defendant as missing without permission during head

count. Highway Patrol Officer Roy Leming then testified that on the morning of August 27th the defendant and the co-defendant were found crossing a field some distance from the camp and, upon seeing the trooper, ran into the woods. Warning shots were fired. Corrections Officer Harold Lusk testified he observed the defendant and co-defendant in a tree before they were placed in custody.

After the State rested the defendant testified that he was first confined at McAlester and then sent to Hodgens after the recent riot, and that he left the training camp because of threats to his life arising out of his inability to repay a loan to another prisoner whose name he did not know. He further testified that he ran after he heard the shots. On cross-examination defendant stated that he left camp voluntarily and without the consent or permission of anyone.

■ The defendant's first proposition in error urges that the trial court erred in overruling the defendant's demurrer to the information since the information reflected that the defendant escaped from a vocational training center and not a state penitentiary. With this contention we do not agree.

The pertinent portion of the information reads as follows:

" . . . while each was legally confined to the Oklahoma State Penitentiary, at Quachita Vocational Technical Camp, LeFlore County, Oklahoma, the same being a branch of the Department of Corrections of the State of Oklahoma, did unlawfully escape from confinement contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

The information sufficiently alleges an escape from the state penitentiary wherein the defendant was legally confined. The fact that the defendant was being held at Hodgens is immaterial since it amounts to constructive confinement in the state penitentiary. See Kimbro v. State, Okl.Cr., 491 P.2d 307.

■ The defendant's second proposition in error urges that the trial court erred in denying defendant's motion for a separate trial since the defendant suffered undue prejudice by being tried with a co-defendant who had been convicted for possession of marijuana. This Court has held on numerous occasions that the granting of a severance is discretionary with the trial court and such a ruling will not be disturbed unless there is a showing that the defendant was in fact prejudiced by the joint trial. In the instant case we find no such prejudice.

■ The defendant next urges that the verdict was not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. In the instant case the defendant testified that he left because of a threat to his life. It then becomes a question of fact for jury determination. Defendant's third proposition in error is without merit.

In conclusion we observe that the record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

BRETT and BUSSEY, JJ., concur.