Ervin Lee McCOY, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–104.

Court of Criminal Appeals of Oklahoma.

June 17, 1975.

Rehearing Denied July 11, 1975.

Don Anderson, Public Defender, Oklahoma County, and Erwin Lee McCoy, pro se, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

PER CURIAM:

Appellant, Erwin Lee McCoy, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, for the offenses of Escape From State Penitentiary (Case No. CRF–74–544), in violation of 21 O.S. 1971, § 443, and Robbery in the First Degree (Case No. CRF–74–636), in violation of 21 O.S.1971, § 791. His punishment was fixed at seven (7) and thirty (30) years' imprisonment respectively. From said judgments and sentences, he has perfected his timely appeal to this Court.

At the trial Roy Johnson, a transportation officer with the State penitentiary at McAlester appearing as the State's first witness, testified that on February 8, 1974, he and another transportation officer, one Samuel Ezell, were directed to escort two prisoners, one of which was the defendant, to the University Hospital in Oklahoma City for medical examination and treatment; that following their arrival at the hospital, the defendant requested use of a nearby restroom to which he was taken by the witness who removed the prisoner's handcuffs and remained outside the stool compartment; that the defendant, upon emerging, took hold of him, placed a ballpoint pen to his eye and threatened to gouge it out unless he received the officer's cooperation; that the officer thereupon surrendered his firearm as demanded and was handcuffed to the toilet tissue holder, and that the defendant, prior to effecting his escape, removed a sum of money from the officer's wallet.

The State's next witness was Samuel Ezell, the transportation officer assigned to accompany Officer Johnson ·and the prisoners. He testified that he was summoned to the restroom to free Johnson following the defendant's disappearance and noted that both the prisoner and the officer's weapon were missing.

The State's final witness, Walter Harrison a deputy sheriff, testified that in October of 1972 he escorted the defendant to the State penitentiary where he was to begin serving a sentence following his conviction for armed robbery.

The defendant appeared on his own behalf and testified that he had been imprisoned in the State penitentiary for armed robbery; that on the day in question he had been transported to the University Hospital for treatment; that he had been permitted to enter the restroom by Officer Johnson who had informed him that he would remain outside, and that when he emerged he found no one there and he proceeded to depart. The defendant also testified that in March of 1973, as a consequence of his being involved in a disciplinary matter at the penitentiary, he was subjected to some physical abuse by both officers Johnson and Ezell and had subsequently, but prior to his escape, initiated a civil action against Officer Johnson, and that he believed this was in some way connected with Officer Johnson's conduct on the day in question.

Defendant's counsel initially filed a petition in error urging a review on sever-

al grounds, two of which are considered separately below and the remainder to be examined in the light of defendant's pro se brief filed after defense counsel submitted his application for leave to withdraw; it being his opinion that no more than frivolous matter could be presented on appeal. The first assignment of error alleges that the punishment rendered is excessive. We need only observe, in response, that the punishment was within the scope provided by statute and that it is not of such a nature as to shock the conscience of this Court. See, Turner v. State, Okl.Cr., 479 P.2d 631 (1971).

The next specification of error asserts that the verdict is not substantiated by the evidence. We have held before that when there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, this Court will not interfere with the verdict, even though there may be a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weight the evidence and determine the facts. See Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

In his own brief defendant first alleges that he was prejudiced by the joinder of the offenses for which he was tried and that the court's failure to order a severance constitutes reversible error. The record reveals (Tr. 3) that at the very outset of the proceedings both parties did stipulate to a single trial of the two charges. No objection at that time was made by defendant who had been granted leave to participate in presenting his defense, or his counsel, and he cannot now be permitted to disavow its binding effect upon him, absent a showing that he was thereby deprived of some fundamental right. Defendant has offered nothing more upon which to base his claim of prejudice. His complaint, therefore, cannot be considered as being a sufficient ground for reversal of his conviction. See, Brumbelow v. State, Okl.Cr.,

488 P.2d 1298 (1971) and Winningham v. State, Okl.Cr., 488 P.2d 609 (1971).

Defendant next contends that there is a material variance between the allegations charging him with robbery and the proof submitted to the court. The specific discrepancy defendant refers to involves the wording employed in the Information against him in which he is described as having assaulted Officer Johnson "by means of striking, beating, kicking and threatening." It is evident from the officer's testimony that the force directed at him consisted solely of a threatening motion which resulted in no injury, but whether such a variance is to be treated as material, and thus barring conviction, will depend greatly on whether it may later expose defendant to being placed in jeopardy for the same offense or tend to mislead him in answering the charges against him. Austin v. State, Okl.Cr., 419 P.2d 569 (1966). It is our opinion that the Information in question states the charge in ordinary and concise language, that is, in such a manner as to enable a person with ordinary understanding to know what is intended by this accusation, and to afford protection against prosecution of the same offense at some future date. We do not feel that it may be characterized as misleading. Robbery by definition must include some degree of violence or intimidation which is "likely to induce a person to part with his property against his will." Parnell v. State, Okl.Cr., 389 P.2d 370 (1964). Therefore, all that defendant need be actually apprised of with respect to the force employed is that it was sufficient to overcome the victim's resistence. Snake v. State, Okl.Cr., 453 P.2d 287 (1969). In this regard, the evidence produced through the testimony given was ample.

In his third specification of error, defendant argues that there is no statutory authority provided under 21 O.S. 1971, § 443, as amended, to prosecute one for escape from a place other than the penal institutions described in the statute it-

self. In Kimbro v. State, Okl.Cr., 491 P.2d 307 (1971), we held that one remained an inmate, albeit constructively, of the State penitentiary regardless of the reason for one's initially authorized and temporary absence therefrom. This authority is applicable here. We further note that one may be considered in "custody" within the meaning of this statute though outside of his place of confinement as long as some restraint upon his freedom remains. Read v. United States, 361 F.2d 830 (10th Cir. 1966). Thus any departure from such restraint or control, "with or without force," whether from the "lawful custody of an officer or from any place where one is lawfully confined" may be adjudged an escape, and as such, an act coming within the purview of the aforementioned statute. Perry v. State, 80 Okl.Cr. 58, 157 P.2d 217 (1945).

■■■ Defendant also contends that the District Court was in error in overruling defense counsel's objection to the testimony of witness Harrison in regard to the reason for defendant's confinement in the State penitentiary. We need only observe that the defendant himself was questioned extensively by his counsel as to this very same matter, and that he did willingly provide through his testimony the information he now contends is prejudicial. The fact of defendant's lawful incarceration prior to his escape was an element crucial to the establishment of the State's case against the defendant. Conway v. State, Okl.Cr., 483 P.2d 350 (1971). See also, Lenhart v. State, Okl.Cr., 503 P.2d 918 (1972). The testimony of Deputy Harrison merely contributed to the prosecution's efforts in this regard and was not prejudicial in the manner claimed by defendant.

■■■ Defendant also maintains that he was denied due process of law as a result of the sudden and "surprise" appearance of witness Ezell who had not testified in defendant's first trial, and that he was thereby deprived of an opportunity to prepare an adequate defense. A review of

the record itself leads us to the opposite conclusion, however, it must here be pointed out that to preserve an issue for consideration on appeal there must be an objection made during the course of the trial with exception taken. Here none was made.

■■■ Finally, defendant urges that the District Court committed error in its instruction to the jury, though he fails to refer to a specific part other than the instruction given pertaining to the need to determine whether defendant was lawfully incarcerated at the time of his escape. We find defendant's claim as to the applicability of the doctrine of plain error to be of a frivolous nature, there being nothing in the record nor in the authority presented on his behalf to sustain his contention.

The judgments and sentences are, accordingly, affirmed.