**STATE of Oklahoma, Appellant,**

v.

**Allen James LITTLE RAVEN,**
**Appellee.**

**No. O–75–143.**

Court of Criminal Appeals of Oklahoma.

June 24, 1975.

Preston A. Trimble, Dist. Atty., Lynn C. Rogers, Asst. Dist. Atty., Cleveland County, for appellant.

Ryland L. Rivas, Pipestem, Rivas & Charloe, Norman, for appellee.

## OPINION

BLISS, Judge:

On July 29, 1974, appellee, Allen James Little Raven, hereinafter referred to as de-

fendant, was charged in the District Court, Cleveland County, Oklahoma, Case No. CRF–74–453, for the offense of Escape From the Penitentiary, in violation of 21 O.S.1971, § 443. Thereafter, on August 29, 1974, a preliminary hearing was had before Examining Magistrate J. Kenneth Love, Special District Judge, Cleveland County District Court, wherein at the conclusion of the hearing, Judge Love ordered the defendant bound over for trial on the escape charge. On September 25, 1974, defendant filed a Motion to Dismiss and, thereafter, on October 28, 1974, said motion was overruled by District Judge Elvin J. Brown. On October 30, 1974, defendant filed a motion styled "Plea In Abatement and Motion to Quash and Set Aside Information." On December 12, 1974, District Judge Elvin J. Brown sustained defendant's Motion to Quash and ordered the defendant discharged. On December 18, 1974, the State filed its notice of intent to appeal, as provided in 22 O.S.1971, § 1053, and thus a timely appeal has been perfected to this Court.

The State's first witness at the preliminary hearing was Tracy Hall, who testified he was a correction officer for the State penal system at the Lexington Community Treatment Center in Cleveland County, and was so employed on July 26, 1974. He further testified he knew the defendant as an inmate in the treatment center and that on July 26, 1974, he escorted the defendant and four (4) other inmates to University Hospital in Oklahoma City where the defendant had an appointment at the vision clinic. He testified that while at University Hospital the defendant asked permission to go to the restroom, to which he agreed, and the defendant went to the restroom and returned. He further testified that approximately thirty minutes later the defendant again asked permission to go to the restroom, to which he agreed, and this time the defendant did not return. He stated at no time did he give the defendant permission to leave his custody other than to go to the restroom, and he had no personal knowledge of anyone else giving the defendant permission to leave. He further stated, after noticing the defendant was gone, he looked into the restroom wherein the defendant was not found. He further testified upon making this discovery he told a Mr. Bean, who had traveled with him and the inmates from the treatment center to University Hospital, and thereafter, Mr. Bean left his presence and shortly returned, saying that they were to return to the treatment center. He lastly testified this occurred approximately thirty (30) to forty-five (45) minutes after discovering the absence of the defendant.

Lieutenant Jack Jarman testified he was a lieutenant of the security at Lexington Treatment Center and had been so employed for approximately two and one-half (2½) years and that said treatment center was located in Cleveland County, Oklahoma. He further testified he knew the defendant as an inmate of said institution and he had no knowledge of anyone giving the defendant permission to leave said institution. He testified he knew the defendant was at the Lexington Treatment Center to serve a ten (10) year sentence for a conviction of Burglary, Second Degree, out of Blaine County.

The State's only assignment of error asserts the District Court erred in sustaining defendant's Motion to Quash the Information. In evaluating whether or not Judge Brown erred in sustaining defendant's Motion to Quash, the grounds upon which the motion was sustained must first be examined. The ruling of Judge Brown, which was formalized in his Memorandum of the Court dated December 12, 1974, sets forth the grounds on which the motion was sustained, wherein it states:

"Defendant objects to his being held for trial on this evidence. His objections are well-founded for these reasons:

"1. Venue of this action lies in Oklahoma County. The Court will take judicial notice of the fact that Northeast Fifteenth Street of Okla-

homa City is in Oklahoma County and not Cleveland County. While 22 O.S.A. provides jurisdiction in any county of the State for escape, it does not mandate venue. If it did mandate venue, it would be in direct violation of the defendant's constitutional right to be tried in the County where the offense was committed (Article II, Section 20, of the Oklahoma Constitution). All the cases cited in the annotations of the statute only support jurisdiction, not venue. A defendant could waive venue and plead guilty. When he pleads not guilty and objects to the proceedings, he has waived nothing.

"2. There is a total lack of any evidence that defendant 'escaped.' All the evidence shows is that his presence was unaccounted for in Oklahoma City for about thirty minutes. He may have gone to a bathroom on a different floor, been stricken with diarrhea, and returned some 35 minutes later only to find everyone had gone off and left him alone. Such is admittedly a ridiculous example, but it is certainly no more ridiculous than 'assuming' he committed the crime of escape!

"3. There is a total want of competent evidence that defendant is an inmate of the institution from which he allegedly escaped or any other institution in the Department of Corrections. The defendant's objection to the uncertified copy of a purported Blaine County Judgment and Sentence was properly sustained by the magistrate.

"4. Finally, it is not a crime under Section 443 of Title 21, as amended in 1974, to escape from the custody of a guard at a place away from the penal institution. It is a fundamental rule of law that criminal statutes must be strictly construed, must be explicit and so clear of understanding that a person of ordinary intelligence can read it and determine if specific conduct is prohibited by it. The section provides in substance, as follows:

'Any prisoner sentenced to a penal institution who escapes therefrom either while confined therein, while at large as a trusty therefrom, or while awaiting transportation thereto, is punishable by imprisonment in such prison for a term of not less than two (2) nor more than seven (7) years.'

"It is clear from a reading of this section that the Legislature intended only the three situations mentioned to amount to a crime under this section. They are:

1. Escape of a confined prisoner from the institution;

2. Escape of a trusty-prisoner from the institution, and

3. Escape of a prisoner awaiting transportation to the institution.

"The defendant in this case did not escape under either of these circumstances. His motion to quash the Information is sustained, exceptions allowed State, and defendant is ordered discharged herefrom."

■ The State contends venue was properly laid in Cleveland County, and thus the trial court erred in its statement that venue in the instant actions lies in Oklahoma County. The State's contention is valid. We need only refer the defendant and the lower court to this Court's prior decisions in *Kimbro* v. *State,* Okl.Cr., 491 P.2d 307 (1971), and *Baledge* v. *State*, Okl.Cr., 479 P.2d 602 (1971). In those cases, we effectively held an inmate of McAlester in Pittsburg County was still constructively an inmate of said institution when he escaped from University Hospital where he had been transported for medical treatment. Also, we found venue of such action was properly laid in Pittsburg County. The circumstances in the instant case clearly fall within these cases and, analogously, the county in which the treatment

center is located, Cleveland, is a form of proper venue. Therefore, we find the lower court erred in its holding venue was in Oklahoma County.

The State further contends the evidence admitted at preliminary hearing was sufficient to show the defendant was an inmate of a state penal institution for purposes of binding the defendant over for trial. This view is contra to a lower court's holding and so argued by the defendant, that there is a total want of competent evidence that defendant was an inmate of the institution from which he allegedly escaped.

■■ Two correctional officers of the Lexington Treatment Center testified that they knew the defendant to be an inmate of said institution. No objections to such testimony were interposed by the defendant and, thus, such evidence may be considered for whatever probative value it may have. We find such evidence was proper and sufficient to show the defendant was an inmate or prisoner of the Lexington Treatment Center for the purposes of determining whether or not to bind over the defendant. As we have previously held, the quantity of evidence required at preliminary hearing is less than that at trial and there is a presumption that the State will strengthen its evidence at trial by production of everything favorable to support the charge. See *Holt* v. *State*, Okl.Cr., 506 P. 2d 561 (1973), and *McAllister* v. *State*, 97 Okl.Cr. 167, 260 P.2d 454 (1953). Therefore, we find the lower court erred in its holding there was total want of competent evidence to show defendant was an inmate of the institution from which he allegedly escaped.

The State further contends the trial court erred in holding that there was total lack of evidence that the defendant escaped. In *Perry* v. *State*, 80 Okl.Cr. 58, 157 P.2d 217 (1945), this Court adopted the construction of escape as set forth in 19 Am.Jur. 361. This Court stated:

"In 19 Am.Jur. 361, an escape is defined: 'An escape has been broadly defined as the voluntary departure of a person without force from the lawful custody of an officer or from any place where he is lawfully confined, or as it is more tersely stated, the unlawful departure of a prisoner from the limits of his custody or the act of a prisoner in regaining his liberty before released in due course of law.'

"And on page 362: '* * * Thus, an escape may be committed where a prisoner who is permitted by a jailer to go at large on errands and to perform certain labors outside the prison walls fails to return to the prison. . . .'"

We feel the evidence at the preliminary hearing was adequate to establish a prima facie case that the defendant unlawfully departed from the custody of the correctional officer. We reiterate there is the presumption the State will strengthen this evidence at trial. See, *McAllister*, supra. Therefore, we find that the lower court erred in holding there was a total lack of any evidence to show the defendant escaped.

■■ The State further argues that the lower court erred in its construction of the escape statute. We agree. In the Syllabus by the Court in *Baledge*, supra, we held:

"An inmate of the state penitentiary in Pittsburg County who is transported to a hospital in Oklahoma County for medical treatment and escapes from said hospital, may be prosecuted in Pittsburg County for escape from the penitentiary."

In the instant case, the trial court has misconstrued the Oklahoma escape statute as evidenced by the strict construction he set forth in his memorandum, supra. The statute must be construed to delineate escape as that voluntary departure of a person from the custody of the penal institution of which he is incarcerated. Certainly this means a departure from the institution's custody whether the inmate be temporarily outside the walls of said institution by some authority of the institution,

and while the institution retains some supervision directly or indirectly over the inmate.

The rule, as enunciated in *Baledge,* supra, is certainly controlling in the instant case. We, therefore, find the lower court erred in its construction of the escape statute.

■ The effect of Judge Brown's sustaining the defendant's Motion to Quash may be determined by referring to this Court's language in *Patrick* v. *State,* 95 Okl.Cr. 141, 241 P.2d 418 (1952), wherein Judge Jones stated:

". . . The statutes pertaining to motions to quash or set aside an indictment or information provide:

'If the motion be granted the court must order that the defendant, if in custody, be discharged therefrom, or if admitted to bail, that his bail be exonerated, or if he have deposited money instead of bail, that the money be refunded to him unless it direct that the case be resubmitted to the same or another grand jury.' 22 O.S.1951, § 499.

'An order to set aside an indictment or information as provided in this article is no bar to a further prosecution for the same offense.' 22 O.S.1951, § 501.

"Insofar as the motion to quash is concerned, the prosecution may be instituted anew at any time before the prosecution would be barred by the statute of limitations without a direction by the court that the county attorney proceed with a new prosecution . . ."

In result, Judge Brown has discharged the defendant and, thus, the effect of Judge Brown's ruling sustaining the defendant's Motion to Quash is that the case, CRF–74–453, is at an end to this defendant; however, this does not preclude the State from further prosecution of this defendant for the same offense. If the State so chooses, new preliminary information may be filed against the defendant, and subsequently a new preliminary hearing had.

For all the above and foregoing reasons, the order sustaining defendant's Motion to Quash is reversed.

BRETT. P. J., specially concurs.

BUSSEY, J., concurs.

BRETT, Presiding Judge (specially concurring).

I agree with the opinion of the majority of the Court to the extent that it holds that the sustaining of a motion to quash or set aside the information does not constitute a bar to further prosecution for the same offense. This is true even though the trial court also enter an order discharging the defendant. The effect of sustaining a motion to quash is to eradicate the information and to leave the case in the same posture as it was before any information was filed.

Because this area of law has been the source of some confusion, however, I feel that it is important to emphasize that the sustaining of a *demurrer* to the indictment or information constitutes a statutory bar to another prosecution for the same offense unless it appears of record that the trial court at the time directed the case to be resubmitted or a new information to be filed. Title 22 O.S.1971, § 508. In fact, as this Court stated in *State* v. *Walton,* 30 Okl.Cr. 416, 236 P. 629, 632 (1925):

"[A] judgment sustaining a demurrer under the statute is as far-reaching and conclusive as to the defendant's liability for the crime charged as though it has been rendered upon a verdict of not guilty, where the court does not order a resubmission of the case, or direct that a new information be filed."

Further, I believe that the determination of whether a defendant's pleading is in fact a motion to quash or a demurrer must be made by examining the substance of the contents of that pleading, not the title it has been given. *Place* v. *State,* Okl.Cr., 300 P.2d 666 (1956). In the instant case the order of the District Court, which is set out in its entirety in the majority opinion,

**454**

states as its fourth and final ground for dismissal that the facts stated by the information for violation of § 443 of 21 O.S. did not bring the defendant within the meaning of that statute. Such a defect is clearly one which must be raised by demurrer. Title 21 O.S.1971, § 504. *Place v. State,* Okl.Cr., 300 P.2d 666; cf. *Cerday v. State,* 52 Okl.Cr. 255, 5 P.2d 169. Had that ground been in fact raised by the pleading which this defendant titled "Plea and Abatement and Motion to Quash and Set Aside Information," it would be my opinion that the order of the trial judge amounted to the sustaining of a demurrer and, although erroneous, operated as an absolute bar to further proceedings against the defendant for the same offense and limiting this Court on review to consideration of the matter as a reserve question of law. Defendant's pleading, however, did not attack the sufficiency of the information, consequently, that question was not properly before the trial judge for decision. For that reason, I concur in this opinion.