Kenneth Paul GOODSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-76-825.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1977.

Rehearing Denied April 21, 1977.

Bill Pipkin, Moore, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BRETT, Presiding Judge.

Appellant, Kenneth Paul Goodson, hereinafter referred to as the defendant, was charged with the crime of Escape from a Penal Institution, in violation of 21 O.S. Supp.1974, § 443, in the District Court, Cleveland County, Case No. CRF–76–47. He was tried by a jury and convicted, punishment being assessed at two (2) years' imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

The State's first witness was Jess Titsworth, Records Clerk at the Oklahoma State Penitentiary. He stated that his duties included the keeping and maintaining of current records on all prisoners incarcerated at the State Penitentiary. He stated that these records are kept as a normal course of business. He further stated that he was familiar with the records of the defendant herein. He identified State's Exhibit No. 1, as the defendant's judgment and sentence from Oklahoma County, Case No. CRF–71–1694, which showed that the defendant had been convicted of armed robbery, after former conviction of a felony, and that he had been given a fifteen (15) year sentence. The witness further testified that his records reflect that the defendant was granted a medical leave on November 8, 1974, to enter Griffin Memorial Hospital in Norman. The witness stated that such medical leaves are routinely given when the need arises. Mr. Titsworth went on to state that his records reflected that with good time and work credit, the defendants earliest release date would have been August 22, 1979. The witness further stated that the defendant had not been granted pardon or parole, nor had he been given permission to leave Griffin Memorial Hospital. State's Exhibit No. 1, was offered and accepted into evidence. State's Exhibit No. 2, a certified copy of the last page of the Appearance Docket from Oklahoma County, Case No. CRF–71–1694 was also offered and admitted into evidence as showing the finality of the defendant's judgment and sentence.

The State's second witness was S. F. Ezell. He stated that he was a transportation officer for the Oklahoma State Penitentiary, and that on November 8, 1974, he transported the defendant from McAlester to Griffin Memorial Hospital.

David Nash was the State's third witness. He stated that he was an employee at Griffin Memorial Hospital during all times pertinent, and that he was senior nursing assistant in charge of the ward to which the defendant was assigned. The witness stated that he noticed the defendant's absence when he went to check on the accused in order to record some routine data. Mr. Nash notified another hospital aide and a thorough search was conducted which failed to reveal the defendant's whereabouts. Mr. Nash notified the authorities. The witness further stated that the defendant was not authorized to leave the ward. Mr. Nash testified that had such authorization been given he would have been notified of it.

Mr. Nash further testified that Griffin Memorial Hospital was under the control of the Department of Mental Health, and that it was interrelated to several other services including University Health Sciences Center and the Veterans Administration Hospital. He further stated that to his knowledge there were no correctional department employees present, and that the ward to which the defendant was assigned was a medical and not a correctional facility.

Troy Whitbey, detective with the Oklahoma City Police Department, was the State's final witness. The substance of his testimony was that he apprehended the defendant on November 14, 1974, in Oklahoma City and returned him to jail. The State then rested. The defense rested without presenting any evidence.

The defendant's first assignment of error is that he was improperly tried for the crime of escape from a penitentiary in Cleveland County, as venue properly lay in Pittsburg County wherein is located the institution from which the defendant was alleged to have escaped. This contention is without merit.

The defendant cites numerous cases wherein it was held that venue was properly located in the County in which the actual physical structure of the prison was located, even though at the time of the escape the defendant was without the walls of the penitentiary and without the County in which the prison was located. See, *Sweden v. State*, 83 Okl.Cr. 1, 172 P.2d 432 (1946); *Dalton v. State*, Okl.Cr., 388 P.2d 875 (1964); *Kimbro v. State*, Okl.Cr., 491 P.2d 307 (1971); *State v. Little Raven*, Okl.Cr., 537 P.2d 448 (1975); *Baledge v. State*, Okl. Cr., 479 P.2d 602 (1971). The unifying feature of all of these cases is that in each instant the defendant was on some kind of temporary leave from the institution to which he had been sentenced. Also, in each case the leave granted to the prisoner was to a county other than the one in which the prison was located. The defendant in each case escaped while in that other county. Finally, this Court held in each case that venue was properly laid in the county in which the prison was actually located.

The defendant asserts that the implication from these cases is that venue was properly found only in the county in which the prison is actually located. This is not so.

Article II, Section 20, Oklahoma Constitution provides that:

"In all criminal prosecutions the accused shall have the right to a speedy and public trial by an impartial jury of the county in which the crime shall have been committed . . ."

In the present case the defendant was obviously still under the control of the State Penitentiary even though he was on temporary furlough to a hospital in Cleveland County. Since it was in Cleveland County that the defendant first eluded his captors, it would be unreasonable to assume that the crime did not at least partially occur in Cleveland County. 22 O.S.1971, § 124, an offense committed in two counties, provides:

"When a public offense is committed, partly in one county and partly in another county, or the acts or effects thereof, constituting or requisite to the offense, occur in two or more counties, the jurisdiction is in either county."

Under the facts of this case the defendant was in actual custody in Cleveland County, although he was in the constructive custody of the State Penal authority in Pittsburg County. Thus, when the defendant escaped the crime became one where the prohibited acts or effects thereof occurred in more than one county, and thus venue was proper in either. See, *Kneefe v. Sullivan*, 2 Or. App. 152, 465 P.2d 741 (1970), wherein the Oregon Court interpreted an almost identical statute.

The defendant's second assignment of error is that the trial court erred in admitting State's Exhibits No. 1 and 2 into evidence. State's Exhibit No. 1, was a certified copy of the judgment and sentence from Oklahoma County, Case No. CRF–71–1694; State's Exhibit No. 2, was a certified copy of the last page of the docket sheet in

the same case. The defendant timely objects to the admission of these Exhibits. The defendant's first proposition here is that the admission of these exhibits was error inasmuch as they were certified copies, and 12 O.S.1971, § 486 provides, inter alia, that the parties seeking to use a certified copy of an official document must show that he is "not in possession or control of such original." However, as we said in *Johnston v. State*, Okl.Cr., 555 P.2d 629 (1976):

> "It follows that the introduction of a certified copy of judgment and sentence is not error when the original is not available under the policies of the District Court."

This ruling applies to all records of the District Court, including certified copies of the docket sheet. We take judicial notice of the fact that under the rules of the District Court of Oklahoma County, original records are never released. There was, therefore, no error in the admission of certified copies of the last page of the docket sheet and of the judgment and sentence.

■ The defendant also complains that State's Exhibit No. 2, the last page of the docket sheet, failed to show that the judgment and sentence was final. A short answer to this is that the judgment and sentence need not be final, for if a prisoner is incarcerated in the penitentiary while his appeal is pending, he still is lawfully incarcerated, and escape from the penitentiary in such a case is just as much crime as if he had escaped after the "mandate" had been spread of record.

The defendant's third assignment of error is that he offered to stipulate that he was an inmate in the Oklahoma State Penitentiary on an unsatisfied judgment and sentence but that the State of Oklahoma wanted to, and was permitted by the trial court to introduce the judgment and sentence, which clearly showed on its face that defendant had been convicted of armed robbery, after former conviction of a felony, and that this prejudiced the defendant's right to receive a fair trial.

■ The defendant offered no evidence on his own behalf. The State presented a prima facie case of escape. There was no doubt of his guilt of this crime. The jury assessed punishment at two (2) years' imprisonment, the minimum provided by law. We find no prejudice, even if the claimed action was error, upon which we do not pass.

The defendant's fourth assignment of error is that the trial court should have instructed on 21 O.S.1971, § 435, Escape from other Prison, instead of 21 O.S.Supp.1974, § 443, Escape from penal institution. The defendant reasons that the information herein charged "escape from penitentiary at Central State Griffin Memorial Hospital;" and that 21 O.S.Supp.1974, § 443 includes within its purview by its own terms only those institutions enumerated in 57 O.S.Supp.1973, § 509; and lastly that since Griffin Memorial Hospital is not listed under 57 O.S.Supp.1973, § 509, it was improper to charge defendant under 21 O.S.Supp. 1974, § 443.

■ The defendant's contentions are baseless. The defendant had been given a medical leave to Griffin Memorial Hospital, and he was still under the custody and control of the authorities of the State Prison at McAlester. In *Wallace v. State*, Okl. Cr., 529 P.2d 548 (1974) we held that the status of an inmate of the State Penitentiary is unchanged though he is permitted at large as a trustee or though he is transferred to another institution under the auspices of the Department of Corrections. Therefore, while it is true that Griffin Memorial Hospital may not be directly under the control of the Department of Corrections, the defendant herein was in no sense released from the control of the Department of Corrections when he was granted medical leave, and thus any escape which was made while under such control is properly an escape from a penal institution and properly in the purview of Section 443.

■ The defendant's fifth assignment of error, in light of what we have said concerning his fourth assignment, is without merit. The defendant contends in essence

that the trial court should have enumerated with specificity those institutions listed under 57 O.S.Supp.1973, § 509 when giving its instructions relative to what the State must show in order to prove a violation of 21 O.S.Supp.1974, § 443. There was no need for such specificity. The defendant was an inmate at McAlester when he escaped, and thus it was sufficient to charge that a violation of the statute occurred by escaping from "State Penal Institution," without further elaboration of where all of the State Penal Institutions are located. It was enough for the jury to know that the State Prison at McAlester is such an institution, and that the defendant was incarcerated therein.

The defendant's sixth assignment of error is that the trial court erred in permitting the State's witness Jess Titsworth to testify at length about the computation of "good time," and "work time" credits, and in allowing the witness to apply these computations to the defendant's sentence in an effort to determine the defendant's earliest possible release date.

■■■ The objection to such testimony is founded upon the belief that in setting a sentence the jury should not be concerned with, or even aware of, possible reductions in time served granted by pardon and parole boards. Consideration of such evidence for this purpose is error, and may cause a modification of sentence. It is not within the province of the jury to consider such administrative matters. However, since the defendant was only assessed the minimum penalty, we fail to find that the jury illegally relied on considerations of administrative process, and thus there was no error.

The defendant's final contention is likewise without merit. He contends that there was reversible error for the trial court, in the absence of the defendant or his counsel, to further instruct the jury after they had retired to deliberate. A question had arisen among the jurors concerning one of the court's instructions. The jury was called back into the courtroom, where, in the absence of the defendant the court replied:

"BY THE COURT: Ladies and Gentlemen of the Jury, I have read your question, and it is the opinion of this Court that the Instruction to which you refer contains all of the law, and that you should continue to endeavor to reach a decision from that Instruction. Anything further than that would involve other matters, so if you will simply reconvene, and decide it on the basis of the Instructions to which you refer. Thank you." (Tr. 100).

■■■ Title 22, 1971, Oklahoma Statutes, Section 894 establishes the procedure for dealing with such situations. By its language the statute clearly indicates that the defendant or his counsel must be present, or at least, must have been notified of the occurrence. A violation of this statute creates a presumption of prejudice, which must be rebutted by the State. However, we have held in *Worchester v. State*, Okl.Cr., 536 P.2d 995 (1975) that the presumption of prejudice may be overcome if on appeal this Court finds upon examination of the record that no prejudice occurred. Since the defendant was only given the minimum punishment, and since the trial court in responding to the jury's question in no way altered its instructions, we find that no prejudice had occurred. There being no prejudice, then by 20 O.S.1971, § 3001 Harmless Error.

For the foregoing reasons, the judgment and sentence is *AFFIRMED*.

BUSSEY and BLISS, JJ., concur.