Derryl Dean BOONE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–338.

Court of Criminal Appeals of Oklahoma.

March 11, 1982.

Mark Barrett, Asst. Appellate Public Defender, Oklahoma County, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Stephen F. Shanbour, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

While serving a sentence at the State Penitentiary in Granite, Oklahoma, the appellant was transferred to the Washington County Jail for disposition of other charges pending against him. He escaped from the jail and was captured the following day. He now appeals his conviction and two year prison sentence for Escape From a Penal Institution, pursuant to Laws 1976, ch. 175, § 1, now 21 O.S.Supp.1980, § 443 in Washington County District Court Case No. CRF–78–91.

One week before his trial was set to begin, the appellant directed his court-appointed attorney to move to withdraw because he claimed he had not conferred with his attorney for eighteen months. At an in-camera hearing three days prior to trial, the district judge denied the motion to withdraw. On appeal, the appellant argues that he was denied the right to represent himself, his complaint was not sufficiently investigated, and he was forced to use the services of an unwanted attorney.

The appellant's arguments are without merit. At no time did he request to appear pro se. Also, at the in-camera hearing the defense attorney explained to the judge that the reason he had not conferred with his client were his client's absence from the area and it was unclear if and when this case would come up for trial. The trial court determined that inadequate reasons existed to dismiss this lawyer and appoint another. Absent valid reasons such as demonstrable prejudice against the de-

fendant by counsel, incompetence of counsel, or conflict of interest, this Court views a demand for different counsel as nothing more than an impermissible delaying tactic. *Johnson v. State*, 556 P.2d 1285 (Okl.Cr. 1976).

The appellant effected his escape by leaving through a series of doors that had been inadvertently left unlocked. He claims that this constituted entrapment and that he should have been allowed an instruction on this defense.

 Escape is the voluntary departure of a person from the custody of the penal institution in which he is incarcerated. *State v. Little Raven*, 537 P.2d 448 (Okl.Cr. 1975). The defense of entrapment applies only when one is instigated, induced or lured by an officer of the law into committing a crime which he had no intention of committing. *Kiddie v. State*, 574 P.2d 1042 (Okl.Cr.1977). The trial judge was correct in determining that the defense of entrapment was inapplicable to the facts of the case and in denying the instruction.

The appellant also argues he was denied the right to develop his entrapment defense because the trial judge refused to allow the production of three witnesses currently confined to prison and refused to allow Sheriff Codding to be cross-examined about the jailer's negligence. The issue in this case was whether the appellant had escaped from jail. Because treatment and conditions do not provide a defense to escape, the trial judge was correct in ruling these requests would inject irrelevant testimony into the trial. Okla.Evid.Code 12 O.S. Supp.1980, § 2402.

It is next alleged that the appellant should have been charged with a violation of 57 O.S.1971, § 56, a misdemeanor statute involving escape from a county jail. The appellant was properly charged with Escape From a Penal Institution, 21 O.S. Supp.1980, § 443, because previous cases have held that an inmate of a state penal institution remains constructively an inmate of that institution even though he escapes from another place that he has been transferred to. *McCoy v. State*, 536 P.2d 1309 (Okl.Cr.1975); *Kimbro v. State*, 491 P.2d 307 (Okl.Cr.1971).

Finally, it is asserted that prosecutor's closing arguments were prejudicial because remarks were made on pardon and parole, the personal opinion of the appellant's guilt was stated and the jurors were urged to base their opinion on collateral matters. The appellant admits that no objections were made to these remarks at trial. It is well established in Oklahoma that before an allegedly improper remark will be considered on appeal, timely objections must be made. *Poke v. State*, 515 P.2d 252 (Okl.Cr.1973). Even assuming proper objection had been made, these remarks were not so prejudicial as to deny to appellant a fair trial.

The judgment and sentence is accordingly, AFFIRMED.

BUSSEY and CORNISH, JJ., concur.